# O'Rear v. The State.

### Violating Prohibition Law.

(Decided June 30, 1916.   Rehearing denied August 1, 1916.
72 South. 505.)

**Intoxicating Liquors; Having in Possession.**—Under § 12, Acts 1915, p. 44, it is immaterial that the liquor in possession was lawfully acquired before the act went into effect, if the amount in possession was more than permitted by the act.

APPEAL from Montgomery Court of Common Pleas.
Heard before Hon. M. H. SCREWS.
W. O. O'Rear was convicted of having in his possession an unlawful amount of intoxicating liquors, and he appeals. Affirmed.

HILL, HILL, WHITING & STERN, for appellant.   W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—Defendant was convicted of violating the prohibition laws on a complaint framed under the provisions of section 12 of what is known as the Bonner Law (Act of February 8, 1915, Acts 1915, p. 44), charging that the defendant had in his possession at one time more than one half-gallon of spirituous liquors, or more than two gallons of vinous liquors, or more than five gallons of malted liquors in kegs. The undisputed evidence showed that the defendant had in his house a larger quantity of the liquors and beverages prohibited than allowed under the provisions of the law. The evidence of the defendant was to the effect that these beverages had been lawfully acquired by him for his personal use prior to June 30, 1915, when the prohibition laws went into effect, making it an offense

to possess or have in possession more than the specified quantity of prohibited beverages. The affidavit and complaint alleges that the offense was committed on or about the 2d day of August, 1915. The allegations of the complaint were sustained by the testimony of the state's witnesses, both as to the amount of the prohibited beverages found in the defendant's house and the date of their possession by the defendant.

It is the contention of the defendant that, having lawfully acquired the prohibited beverages prior to the time when these prohibition laws went into effect, making it a violation of law to have in possession more prohibited liquors than the designated quantities, it was not a violation of law to have these liquors thus acquired in possession in such prohibited quantities after the law became operative; that a conviction would be violative of his constitutional rights as guaranteed to him under sections 1 and 35 of the state Constitution of 1901 and the Fourteenth Amendment of the Constitution of the United States. The defendant raised these questions by appropriate methods in the trial court, and makes the same insistence in brief filed here. The Supreme Court, in the case of *Southern Express Co. v. Whittle*, 194 Ala. 406, 69 South. 652, has decided the question adversely to the contention of the defendant. It was held in that case that section 12 of the act of February 8, 1915 (Acts 1915, p. 44) (Bonner Law), making it unlawful to possess more than a specified quantity of the prohibited liquors, is a valid exercise of the police power, and does not infringe upon the constitutional guaranties as to person or property rights, which are taken as the basis of attack upon the constitutionality of the act in question by the defendant. It could make no difference, and would be immaterial when, where, or under what circumstances the prohibited liquors were acquired, for the offense is by the act held to be valid and not invasive of constitutional rights, declared to consist in having in possession more than the specified amount, without regard to the time or manner or purpose of acquiring it. —Acts 1915, p. 44, § 12.

Affirmed.

(Ed. Note—This cause was reviewed by the Supreme Court, and affirmed.—See *Ex parte O'Rear*, 73 South. 1001.)