(75 South. 827)

OLDACRE v. STATE. (8 Div. 476.)

(Court of Appeals of Alabama. May 8, 1917.)

1. CRIMINAL LAW ⊜878(3)—CONVICTION ON ONE COUNT ACQUITTAL AS TO OTHERS.

Where defendant was convicted of one count of a complaint for violation of prohibition law, this was an acquittal as to charges embodied in other counts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2100.]

2. INTOXICATING LIQUORS ⊜139—ILLEGAL POSSESSION—VIOLATION OF STATUTE.

Acts 1915, p. 44, § 12, prohibiting the possessing of more than one-half gallon of spirituous liquors, will be violated, although defendant did not have the liquor in his possession for any illegal purpose.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 149.]

3. INTOXICATING LIQUORS ⊜238(2)—ILLEGAL POSSESSION—QUESTION FOR JURY.

Where the res gestæ of the occurrence showed clearly that defendant had no knowledge that intoxicating liquor was on his premises, and that he had no control over it or title or interest in it, but that another person had hidden the liquor on his premises, where it was found by the officers, a verdict for defendant should have been directed, although if the facts had not been fully explained or the explanation had come after time for meditation and the concoction of an excuse, the case might have been for the jury.

Appeal from Law and Equity Court, Morgan County; Thomas W. Wert, Judge.

Boss Oldacre was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

The second count of the complaint charges that defendant, since October 1, 1915, and before the making of this affidavit, in this county, had in his possession at one time more than two quarts of spirituous liquor, against the peace and dignity of the state of Alabama.

The following are the charges refused to defendant:

(1) Unless you are convinced beyond all reasonable doubt that defendant had the liquor in his possession for sale, or for some other unlawful purpose, then your verdict should be for defendant.

(5) A man may own and have possession of a gallon, or less, of whisky in one bottle, provided he has it for a legitimate purpose, and for his own use, and not to use, keep, or dispose of it unlawfully.

(6) I charge you the law does not prohibit a man from having possession of as much as one gallon of whisky in one bottle, provided he has it for his own consumption, and solely for legitimate purposes.

The state examined two witnesses, both of whom testified that they made a search of defendant's house and found no whisky, and that about the time they completed the search, they saw a boy named Box, who was living with defendant, about 35 yards from the house going towards the back of the garden, holding something in his hand; that they called him back, and that he had a gallon glass jug or bottle, about two-thirds full of corn whisky. Witness said they found no whisky in the house, or in the possession of defendant, and the only whisky found was the whisky, offered in evidence, which the boy had at the time, and both witnesses admitted that defendant and the boy, Box, then and there stated that defendant did not know that the whisky was on the premises; and that the whisky had been hid behind the smokehouse the previous evening by one Fred McDaniel, and this boy was the only one who saw or knew that the whisky was there; and that McDaniel told him, at the time he hid it, to take care of it for him; and that while the officers were searching the house, and without the knowledge of defendant, and without defendant knowing the whisky was there, the boy took the whisky from its hiding place, and attempted to carry it back of the garden and hide it there.

Sample & Kilpatrick, of Cullman, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BROWN, P. J. . [1] The defendant was convicted of having in his possession at one time more than two quarts of spirituous liquors, "as charged in the second count" of the complaint. This was an acquittal of the charges embodied in the first count, and the rulings of the court as to this count are not presented for review. Brewer v. State, 83 Ala. 113, 3 South. 816, 3 Am. St. Rep. 693.

[2] The contention of the appellant that it was not a violation of the law for the defendant to have in his possession more than one-half gallon of spirituous liquor was without merit. Acts 1915, p. 44, § 12; O'Rear v. State, 15 Ala. App. 17, 72 South. 505; Howard v. State, 15 Ala. App. 411, 73 South. 559; Moragne v. State, ante, p. 26, 74 South. 862.

The demurrers to the second count of the complaint were properly overruled, and charges 1, 5, and 6 were refused, without error.

[3] There was no evidence offered on the trial showing that the defendant sold, offered for sale, or otherwise disposed of prohibited liquors, and the only circumstance that could possibly justify the submission of the case to the jury is that the liquor discovered by the officers was concealed on the defendant's premises. This circumstance is fully explained by the facts attending its discovery and the res gestæ of the occurrence, showing clearly that the defendant had no knowledge that the liquor was on his premises, or at least that it was not in his custody and he had no control over it or title or interest in it.

If the fact that the liquor was concealed on the defendant's premises had not been fully explained by the res gestæ of its dis-

covery by the officers, but the explanation had come after time for meditation and the concoction of an excuse, a different question would be presented.

We, therefore, hold that the court should have directed a verdict for the defendant, as requested, and for this error the judgment will be reversed and the cause remanded.

Reversed and remanded.