(101 So. 643)

## SMITH v. STATE. (4 Div. 915.)

(Court of Appeals of Alabama. Aug. 19, 1924. Rehearing Denied Oct. 7, 1924.)

1. **Criminal law ⟾753(2)—Affirmative charge properly refused, if evidence sufficient to support conviction,.**

Where evidence was in sharp conflict, but evidence for state was sufficient to support conviction, if believed, affirmative charge was properly refused.

2. **Criminal law ⟾338(6)—No predicate having been laid for impeaching witness, evidence was properly excluded.**

Evidence of statements in presence of state's witness, immaterial unless intended for purpose of impeaching witness, was properly excluded; no proper predicate being laid.

3. **Criminal law ⟾363—Circumstance unconnected with crime charged not part of res gestæ, though it occurred at time and place thereof.**

Details of difficulty had at still between defendant charged with manufacture of whisky and some of state's witnesses were properly excluded, though they occurred at time and place of commission of crime, where they were.

---

not connected with it, and therefore not part of res gestæ.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Victor Smith was convicted of manufacturing whisky, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Smith, 212 Ala. 123, 101 So. 644.

Guy W. Winn, of Clayton, for appellant.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Briefs of respective counsel argue the questions raised, but without citation of authorities.

SAMFORD, J. [1] The evidence for the state tended to prove and, if believed beyond a reasonable doubt, was sufficient upon which to base a verdict of guilt. The evidence for defendant was in sharp conflict. Which was the truth was for the jury to determine. The affirmative charge was properly refused. The remainder of the questions raised are upon the admission of testimony, which are submitted, with argument, but without citation of authority, either by appellant or the Attorney General.

[2] The fact that Miss Glover came over to the house of the father of state's witness Grady Bush, and at some indefinite time told the father in the presence of witness that she had found some beer and a still on his land, was immaterial to any issue in this case, and if impeachment of the witness Bush was contemplated, no proper predicate was laid.

[3] The remaining questions relate to the rulings of the court in refusing to permit the defendant to prove the details of a difficulty between the defendant and some of the state's witnesses had at the still. The defendant was permitted to prove the fact of the difficulty, but the court excluded the details. This was proper. Everything said and done incident and relating to the crime charged and at the time the crime is being committed is a part of the res gestæ, and would be admissible. Oldacre v. State, 16 Ala. App. 151, 75 So. 827. But details of a difficulty not connected with the commission of the crime, although taking place at the time and place, would not be a part of the res gestæ.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.