(101 So. 511)

## AMMONS v. STATE. (4 Div. 955.)

(Court of Appeals of Alabama. Oct. 7, 1924.)

1. **Intoxicating liquors** ☞236(6½)—**Evidence held not to sustain charge of unlawful possession.**

Evidence that half-pint bottle of liquid smelling like rum was found in defendant's house in his absence *held* insufficient to sustain charge of unlawful possession.

2. **Criminal law** ☞560—**Suspicion, conjecture, or surmise will not support conviction.**

Conviction cannot be predicated upon suspicion, conjecture or surmise, or mere guesswork.

3. **Intoxicating liquors** ☞226—**Same rules of evidence apply as in trial for other offenses.**

Same rules of evidence must apply in prosecution for violation of prohibition laws as apply in all other criminal cases.

4. **Criminal law** ☞308—**Presumption of innocence attends accused in liquor prosecution.**

Presumption of innocence evidentiary in its nature attends accused upon trial for violation of prohibition law.

5. **Criminal law** ☞554—**Jury may determine weight to be given testimony of defendant, but cannot capriciously reject it.**

Jury has right to determine what weight they will give to testimony of defendant and his witnesses, but they have no right to capriciously reject evidence of defendant.

6. **Criminal law** ☞553—**Jury should consider all evidence so as to make all witnesses speak truth if possible.**

Jury should consider all evidence in case and should construe it, if possible, so as to make all witnesses speak truth.

7. **Intoxicating liquors** ☞224—**Burden of proof on state to show unlawful possession.**

In prosecution for unlawful possession, burden of proof is upon state to prove guilt of accused to moral certainty and beyond all reasonable doubt.

8. **Intoxicating liquors** ☞238(1)—**Court held to err in refusing affirmative charge in possession case.**

In prosecution for unlawful possession of intoxicating liquors, *held*, that court erred in refusing defendant affirmative charge.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Charlie Ammons was convicted of unlawfully possessing prohibited liquors, and he appeals. Reversed and remanded.

J. Morgan Prestwood, of Andalusia, for appellant.

Counsel argue for error in the rulings on the trial, but in view of the decision it is not necessary to set out the brief.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The record is free from error.

BRICKEN, P. J. [1-8] As shown by the record in this case, the conviction of this appellant (defendant in the court below) rested solely upon the testimony of state's witness H. T. Hughes, and his testimony tended to show that during the absence from home of this defendant for a week he found in defendant's home, behind a meal barrel, a small bottle (half-pint) containing something that smelled like rum. There was some evidence that he found in the barn 10 gallons of what he termed beer, which the witness stated consisted of corn, syrup, and water. There was no evidence showing, or tending to show, that this so-called beer was fermented, or that it contained alcohol or otherwise came within the inhibited terms of the statute; therefore, as stated, his conviction was for having in his possession the half-pint bottle, the contents of which smelled like rum. Under all the evidence in this case, the court should have directed a verdict for the defendant as requested in writing. It is manifest that his conviction was predicated upon suspicion, conjecture or surmise, or mere guesswork, and this, as has often been stated, is not sufficient to support a verdict of the jury or to sustain a judgment of conviction. We have repeatedly held, and stated, that the same rules of evidence must apply in prosecutions for violation of the prohibition laws as apply in all other criminal cases, and unless trial courts properly apply this rule, their rulings of necessity must and will be revised and corrected by the appellate courts in order that the constitutional rights of an accused to a fair and impartial trial be not infringed; for the Constitution provides that a person accused of the commission of a criminal offense shall not be deprived of life, liberty, or property, except by due process of law. The presumption of innocence, evidentiary in its nature, attended the accused upon this trial, and the state's evidence failed to overcome this presumption. The state offered no evidence showing, or tending to show, any connection of the defendant with the bottle in question, nor was there any evidence

---

showing, or tending to show, that the defendant knew of the existence of the bottle and its contents. The undisputed evidence showed that the defendant, at that time, was absent from his home for a week and knew nothing of the bottle being in his house, or of the search made until his return. The jury, of course, had the right to determine what weight they would give to the testimony of the defendant, and that of his witnesses; but they had no right to capriciously reject the evidence of the defendant. The rule is that the jury should consider all the evidence in the case, and should construe same, if it is. possible, so as to make all the witnesses speak the truth. The state failed to meet the burden of proof which the law imposes—to offer evidence sufficient to prove the guilt of the accused of the offense charged to a moral certainty and beyond all reasonable doubt. From this view of the evidence, as shown by the record, the court committed error in refusing to this defendant the affirmative charge. Oldacre v. State, 16 Ala. App. 151, 75 So. 827; Fair v. State, 16 Ala. App. 152, 75 So. 828; Spelce v. State, 17 Ala. App. 401, 85 So. 835; Jack Newman v. City of Birmingham, 19 Ala. App. 689, 97 So. 924.

As this is conclusive of the appeal, the other questions presented, and insisted upon, need not be discussed.

Reversed and remanded.