(106 So. 206)

### HUTCHESON v. STATE.    (4 Div. 126.)

(Court of Appeals of Alabama. Nov. 17, 1925.)

Intoxicating liquors ⬤═►236(4), 238(2)—Evidence of possessing whisky held not to sustain conviction or make case for jury.

Where whisky was found in actual possession of wife, and husband was not present, nor shown to have known of its existence, his conviction was not sustainable, and he was entitled to the general charge.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Alex Hutcheson and his wife were convicted of possessing whisky, and he appeals. Reversed and remanded.

A. Whaley, of Andalusia, for appellant.

Defendant was entitled to the affirmative charge. Ammons v. State, 20 Ala. App. 283,

101 So. 511; Frederick v. State, 20 Ala. App. 336, 102 So. 146; Oldacre v. State, 16 Ala. App. 151, 75 So. 827; Fair v. State, 16 Ala. App. 152, 75 So. 828; Spelce v. State, 17 Ala. App. 401, 85 So. 835.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The affirmative charge was properly refused. Davis v. State, 19 Ala. App. 551, 98 So. 912; Johnson v. State, 18 Ala. App. 72, 88 So. 353; Edwards v. State, 19 Ala. App. 129, 95 So. 560.

SAMFORD, J. Defendant was indicted and tried jointly with his wife on a charge of possessing less than a quart of whisky. Both were convicted, but only this defendant appeals. There was no sufficient evidence to connect this appellant with the possession of the bottle of whisky found in the actual possession of the codefendant. This appellant was not even present, and is not shown to have known of the existence of the whisky. This appellant was entitled to the general charge. Oldacre v. State, 16 Ala. App. 151, 75 So. 827; Ammons v. State, 20 Ala. App. 283, 101 So. 511; Strickland v. State, 20 Ala. App. 600, 104 So. 351.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.