(116 So. 413)
### WILLIAMS v. STATE. (7 Div. 397.)

Court of Appeals of Alabama. April 10, 1928.

Chas. J. Scott, of Ft. Payne, for appellant.

Charlie C. McCall, Atty. Gen., for the State.
Brief did not reach the Reporter.

BRICKEN, P. J. From a judgment of conviction for a violation of the prohibition law, this appeal was taken.

Until the state had produced some evidence tending to connect the defendant with the commission of the offense charged, the defendant was not called upon to interpose any defense, for under his plea of not guilty the burden rested upon the state to prove his guilt beyond a reasonable doubt and to a moral certainty. The presumption of innocence, which is evidentiary in its nature attended this defendant upon the trial of this case and throughout said trial or until the evidence proved his guilt under the above measure of proof. There was no such evidence in this case; and none to connect the defendant with the commission of the offense. The mere fact that he admitted that the car was his, in which was a small quantity of whisky, "a spoonful or two," in the bottom

of a large bottle, was not sufficient to meet the required measure of proof, for the evidence shows, without dispute, that the defendant did not know this small quantity of whisky was in his car. He was not at the car nor did the officers testify to anything tending to show any guilty knowledge upon the part of the accused. Upon completion of the state's case defendant moved to exclude the evidence and reserved exception to the refusal of the court to grant the motion. The motion should have been granted, and there was also error in refusing the general affirmative charge to defendant which was requested in writing. Other questions need not be discussed. It would, in the opinion of this court, be unconscionable to permit the judgment of conviction to stand in this case. The undisputed evidence was wholly insufficient to sustain the verdict or to support the judgment of conviction appealed from.

That judgment is reversed, and the cause remanded.

Reversed and remanded.