(122 So. 186)
## COGGIN v. STATE. (5 Div. 748.)

Court of Appeals of Alabama. April 30, 1929.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, citing Green v. State, ante, 63, 120 So. 468.

SAMFORD, J. The evidence discloses the finding of three empty kegs under defendant's barn that had the odor of whisky and the finding of a quart fruit jar containing one tablespoon full of whisky under the floor of an outhouse located about 75 yards from defendant's store, not inclosed and used by the public. The defendant was not at home when the search was made, and there is no evidence tending to connect him with the possession of whisky other than is above set out.

It is not a violation of law in this state to possess a keg or a hundred kegs having the odor of whisky on or about them. So that, the prosecution must revolve around the tablespoon full of whisky under the floor of the toilet. (We use the word toilet, but in the country it is not usually called by that name, and this was in the country.)

We are familiar with the decision of the Supreme Court holding that the possession of the smallest amount of whisky is a violation of the prohibition statutes, but to convict there must be a possession coupled with a guilty scienter. Hutcheson v. State, 21 Ala. App. 174, 106 So. 206. There is no such evidence in this record. The little house was not locked, was not in any inclosure, was in a grove used indiscriminately by those living near, and nobody testified to ever seeing defendant in it. Suspicion is not sufficient upon which to convict men of crime. For the error in refusing to defendant the general charge, the judgment is reversed and the cause is remanded.

Reversed and remanded.