(125 So. 203)

## YIELDING v. STATE. (6 Div. 583.)

Court of Appeals of Alabama. Dec. 17, 1929.

C. E. Mitchell, of Hamilton, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. This is a bastardy proceeding, in which this appellant was the defendant, and Lillie Raburn, a single woman, the prosecutrix. The complaint filed by the solicitor in the circuit court was in proper form and substance, and defendant's plea of "not guilty" thereto, formulated the issue for the trial of the case. The jury found adversely 'to defendant and returned the verdict: "We the jury find that the defendant is the real father of the bastard child in question."

Upon the trial the prosecutrix testified that on a certain day the defendant had sexual intercourse with her, the result of which she became pregnant and in due time the child in question was born.

■ The defendant denied that he ever had sexual intercourse with her, and testified to other facts directly in conflict with the testimony given by prosecutrix. Notwithstanding this, counsel for appellant in brief and argument insists, "You cannot say that there is a conflict in the evidence when the prosecutrix says one thing and the defendant says another." We are unable to clearly understand an insistence of this nature and cannot accord to its correctness, as the contrary is clearly manifest. We are also asked to hold, "There was no trustworthy evidence against the defendant and for this reason the trial judge should certainly have given the general affirmative charge for the defendant." This we cannot do, as the prerogative of this court is appellate only, and the question as to whether the evidence of the prosecutrix was trustworthy or not was for the jury and not for -this court upon appeal. The probative force of all oral evidence is for the jury and their province in this must not be invaded even by the trial court. Moreover, the statute expressly provides on the trial of such issue, the accuser and the accused are en-

titled to their oath. Section 3426, Code 1923, and the testimony given by each of these parties must be weighed by the jury like that of any other witness.

■■ It has been uniformly held that in the trial of bastardy proceedings profert of the child may be had without error. Kelly v. State, 133 Ala. 195, 32 So. 56, 91 Am. St. Rep. 25; Brantley v. State, 11 Ala. App. 144, 65 So. 678; Green v. State, 22 Ala. App. 297, 115 So. 71. In the instant case we are of the opinion that the name of the child, which was proven over the objection of defendant, was not material to the issue involved, but we do not regard this ruling of the court as being in any manner injurious to the substantial rights of the defendant and will not hold it to be reversible error.

■■ It is next insisted that the conviction of the accused should not be rested upon the uncorroborated evidence of the prosecutrix. This is not the law. In prosecutions for seduction the statute expressly provides that no conviction shall be had on the uncorroborated testimony of the woman upon whom seduction is charged. But in a bastardy proceeding no corroboration of the testimony of prosecutrix is required, hence a conviction may be rested upon her testimony alone. The measure of proof to warrant a conviction in a prosecution for bastardy is that the evidence must reasonably satisfy the jury of the guilt of the defendant. To this extent the burden of proof is on the prosecution. White v. State, 170 Ala. 1, 54 So. 430.

From the record we are of the opinion that the accused was accorded a fair and impartial trial, free from prejudicial error. It is therefore ordered that the judgment of the lower court from which this appeal was taken be affirmed.

Affirmed.