(129 So. 323)

## TALBOT v. STATE.
8 Div. 122.

Court of Appeals of Alabama.
June 17, 1930.

Jas. C. Roberts, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

The evidence in this case as shown in the record has been read by the court and considered en banc. We are at a loss to understand how the conviction of this appellant for the possession of liquor could be rested upon the evidence adduced upon this trial. There was but one witness for the state, and his testimony tended to show that during the absence from home of this appellant in an adjoining state he went to the residence where she, her husband, and her family lived, unlocked the door, and searched the house for prohibited liquor, and found in the house a small quantity of whisky. There is nothing in his testimony tending to connect this appellant with its possession; nothing tending to show she had any knowledge that the whisky was in the house where she lived with her family, all of whom were absent on the day he made the search; and the undisputed testimony disclosed this appellant and her husband were at the time in the state of Tennessee. To permit a conviction of this character to stand upon such testimony would be unconscionable. It would be an exceedingly dangerous precedent to hold that the mere finding of prohibited liquor in the home of a citizen, with nothing to connect the accused therewith, and nothing to indicate or to impute any knowledge of the fact to him, is sufficient to deprive him of his liberty and brand him as a criminal before the world. If such were the law, every citizen would be at the mercy of an enemy who by merely surreptitiously placing the inhibited article in the home of his enemy could wreak his vengeance through the aid of the law in this dastardly manner. The law contemplates no such condition, nor will the courts countenance such a thing. The law in its wisdom provides that every person charged with crime is presumed to be innocent, and this presumption is not an empty or meaningless provision; to the contrary, it is regarded as evidence in behalf of the accused, and attends him as such throughout the trial, or until the presumption is overcome by legal evidence which shows his guilt beyond all reasonable doubt and to a moral certainty. Conjectures, suspicions, hatred, prejudices, conclusions, and guesswork have no place in the proper administration of the law; and to willfully hold otherwise would do violence to the conscience and integrity of the person so doing, be he judge, juror, officer, or witness.

It is the fundamental law of the land that in all prosecutions for crime by indictment, or other legal process of similar import, the person so charged is entitled to a speedy, public trial by an impartial jury, and shall not be deprived of life, liberty, or property, except by due process of law, and shall not

be twice put in jeopardy for the same offense, and upon all occasions, in every event and in every court, and upon every charge, which of course includes violations of the prohibition laws, is entitled to a fair and impartial trial. This court has specifically so held on many occasions. We cite a few of these cases as being directly in point and with marked analogy to the case at bar: Williams v. State, 22 Ala. App. 425, 116 So. 413; Huckabaa v. State, ante, p. 333, 125 So. 202; Ammons v. State, 20 Ala. App. 283, 101 So. 511.

█ There must be a guilty scienter before a defendant can be convicted of crime, and this must be established by the evidence beyond a reasonable doubt. The evidence in this case would not likely be changed on another trial; we therefore think it useless to remand this cause.

For the error in refusing the general affirmative charge to appellant and in overruling the motion for a new trial, the judgment of conviction from which this appeal was taken is reversed, and a judgment here rendered discharging the defendant from further custody in this proceeding.

Reversed and rendered.