(131 So. 923)

### Oscar MARION v. STATE.
### 8 Div. 74.

Court of Appeals of Alabama.
June 17, 1930.

Rehearing Denied Aug. 19, 1930.

E. C. Nix, of Decatur, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

Defendant was convicted of violating the prohibition law. The facts as testified to present a jury question, which in all things was properly referred to them by the court.

We find no error, and the judgment is affirmed.

(132 So. 920)

### John MARLER v. STATE.
### 4 Div. 715.

Court of Appeals of Alabama.
Jan. 20, 1931.

J. C. Fleming, of Elba, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

This court, en banc, has read the entire record in this case, and are of the opinion that the reasonable probabilities of the innocence of this appellant are too numerous to permit his conviction to stand upon the evidence adduced upon the trial of this case in the court below. He was entitled to the affirmative charge, and, for the error in refusing same, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded. This case is not unlike that of Mrs. Lena Talbot v. State, 23 Ala. App. 559, 129 So. 323. See, also, Hutcheson v. State, 21 Ala. App. 174, 106 So. 207; Williams v. State, 22 Ala. App. 425, 116 So. 413; Ammons v. State, 20 Ala. App. 283, 101 So. 511; Huckabaa v. State, 23 Ala. App. 333, 125 So. 203.

Reversed and remanded.

(130 So. 924)

### Athey MARLOW v. STATE.
### 4 Div. 665.

Court of Appeals of Alabama.
Nov. 11, 1930.

BRICKEN, P. J.

Appeal dismissed.

(130 So. 924)

### Athey MARLOW v. STATE.
### 4 Div. 662.

Court of Appeals of Alabama.
Nov. 11, 1930.

RICE, J.

Appeal dismissed.

(129 So. 925)

### Tom MARSH v. STATE.
### 8 Div. 879.

Court of Appeals of Alabama.
June 24, 1930.

J. G. Rankin, of Athens, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

This court en banc has read the entire record in this case, and are of the opinion that the reasonable probabilities of the innocence of this appellant are too numerous to permit his conviction to stand upon the evidence adduced upon the trial of this case in the court below. He was entitled to the affirmative charge, and, for the error in refusing same, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded. This case is not unlike that of Mrs. Lena Talbot v. State, 23 Ala. App. 559, 129 So. 323. See, also, Hutcheson v. State, 21 Ala. App. 174, 106 So. 207; Williams v. State, 22 Ala. App. 425, 116 So. 413; Ammons v. State, 20 Ala. App. 283, 101 So. 511; Huckabaa v. State, 23 Ala. App. 333, 125 So. 203.

Reversed and remanded.