(133 So. 307)

## PERKINS v. STATE.

### 8 Div. 199.

Court of Appeals of Alabama.

March 24, 1931.

Bradshaw & Barnett, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

The prosecution against this appellant originated in the county court. He was there charged with the offense of being in possession of alcoholic, spirituous, or malted liquors. From the judgment of conviction in said court he appealed to the circuit court, tried by a jury and convicted, and from the judgment of conviction in the circuit court this appeal was taken.

In considering this appeal, this court sitting en banc has read the entire evidence, and the conclusion has been reached that the conviction of appellant was without authority of law, therefore wrongful and erroneous. Several reversible errors were committed pending the trial by the rulings of the court upon the admission of evidence, but from the view we take of this case no discussion of these errors is necessary.

We are of the opinion that the state failed to meet the necessary burden of proof and that there was no evidence tending to connect the accused with the crime charged. In numerous decisions it has been held the mere finding of prohibited liquors on the premises of the defendant when he was not present, and no evidence whatever to connect him therewith, is insufficient upon which to predicate a verdict of guilty, and that such evidence will not sustain a judgment of conviction. Huckabaa v. State, 23 Ala. App. 333, 125 So. 202; Talbot v. State, 23 Ala. App. 559, 129 So. 323, 324; Hutcheson v. State, 21 Ala. App. 174, 106 So. 206; Johnson v. State, 20 Ala. App. 598, 104 So. 352; Bush v. State, 20 Ala. App. 486, 103 So. 91; Ammons v. State, 20 Ala. App. 283, 101 So. 511; Speice v. State, 20 Ala. App. 412, 103 So. 694.

In the Talbot Case, supra, this court said:

"To permit a conviction of this character to stand upon such testimony would be unconscionable. It would be an exceedingly dangerous precedent to hold that the mere finding of prohibited liquor in the home of a citizen, with nothing to connect the accused therewith, and nothing to indicate or to impute any knowledge of the fact to him, is sufficient to deprive him of his liberty and brand him as a criminal before the world. If such were the law, every citizen would be at the mercy of an enemy who by merely surreptitiously placing the inhibited article in the home of his enemy could wreak his vengeance through the aid of the law in this dastardly manner. The law contemplates no such condition, nor will the courts countenance such a thing. The law in its wisdom provides that every person charged with crime is presumed to be innocent, and this presumption is not an empty or meaningless provision; to the contrary, it is regarded as evidence in behalf of the accused, and attends him as such throughout the trial, or until the presumption is overcome by legal evidence which shows his guilt beyond all reasonable doubt and to a moral certainty. Conjectures, suspicions, hatred, prejudices, conclusions, and guesswork have no place in the proper administration of the law; and to willfully hold otherwise would do violence to the conscience and integrity of the person so doing, be he judge, juror, officer, or witness."

This appellant, under the evidence, was entitled to the affirmative charge in the court below. Its refusal was error. The motion for new trial was erroneously denied.

Reversed and remanded.