(132 So. 926)

### James WASHINGTON v. STATE.
### 2 Div. 461.

Court of Appeals of Alabama.
Feb. 24, 1931.

A. M. Pitts, of Selma, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

RICE, J.

Reversed and remanded on authority of Dickey v. State, 22 Ala. App. 375, 115 So. 848.

(129 So. 927)

### J. C. WATKINS v. STATE.
### 6 Div. 696.

Court of Appeals of Alabama.
June 24, 1930.
Rehearing Denied Aug. 19, 1930.

Jim Gibson, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

There are facts and circumstances testified to by the witnesses for the state which would warrant inferences to be drawn by the jury that the defendant is guilty. The facts in the cases cited in appellant's brief are easily differentiated from the present case.

There is no error in the record, and the judgment is affirmed.

Affirmed.

(138 So. 926)

### Tom WATSON v. STATE.
### 6 Div. 60.

Court of Appeals of Alabama.
Jan. 12, 1932.

RICE, J.
Affirmed.

(131 So. 927)

### Dan WEAVER v. STATE.
### 4 Div. 709.

Court of Appeals of Alabama.
Nov. 25, 1930.

J. C. Fleming, of Elba, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The evidence in this case has been read by the court sitting en banc, and in it there is to be found no sufficient evidence connecting this defendant with the possession of the prohibited liquor. A constructive possession is not sufficient; there must be coupled with such possession evidence tending to prove a guilty scienter. Huckabaa v. State, 23 Ala. App. 333, 125 So. 202.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

(132 So. 926)

### Hubert WEBSTER v. STATE.
### 8 Div. 254.

Court of Appeals of Alabama.
Feb. 17, 1931.

BRICKEN, P. J.
Affirmed.