As appellant's counsel was arguing the case to the jury, detailing his version of what the testimony showed, etc., the widow of deceased, who must have been rather young, and is described by counsel as being "lovely" (as, indeed, her being a woman would prove she was), who was sitting immediately in front of the jury, dressed in mourning, rising, according to the bill of exceptions, in a most dramatic manner, interrupted said appellant's counsel, and cried out in a passionate voice: "That's not so! That didn't happen! And if Ed [the deceased, her husband, we interpolate] was here he would tell you so!"

According to said bill of exceptions, "at the moment of this interruption, the Presiding Judge for the time being, was off the bench, though he was in the court room."

No corrective action or other measure of any kind was taken by the court. Indeed, we are of the opinion, and hold, that nothing said learned court could have done would have remedied the harm that had been worked to appellant. We will not expatiate, dilate, nor descant. But we hold that for this occurrence appellant's motion for a new trial should have been granted, and that for the error in its overruling the judgment of conviction is reversed, and the cause remanded. See Collum v. State, 21 Ala. App. 220, 107 So. 35.

Reversed and remanded.

BRICKEN, Presiding Judge.

This appellant was tried in the lower court upon an affidavit which was sworn out by the sheriff and charged appellant with a violation of the prohibition law by having whisky in his possession, etc.

We have carefully read the evidence in this case, and are at a loss to understand how a conviction could be rested thereon. It was disclosed by this evidence that hidden in some vines quite a distance from the defendant's home the sheriff found a gallon and a quart of whisky. So far as the evidence goes, the place where the whisky was found was accessible to every one, and there is nothing in any part of the evidence even tending to show any connection with the whisky by this appellant or that he had any knowledge thereof. Under this evidence he should have been promptly discharged by the court, and the court's ruling in not sustaining defendant's motion to exclude the evidence is error to a reversal. The remarks of this court in the case of Talbot v. State, 23 Ala. App. 559, 129 So. 323, are peculiarly applicable to the case at bar. See, also, Ammons v. State, 20 Ala. App. 283, 101 So. 511; Williams v. State, 22 Ala. App. 425, 116 So. 413; Huckabaa v. State, 23 Ala. App. 333, 125 So. 202.

Upon authority of Talbot v. State, supra, the judgment of conviction from which this appeal was taken is reversed, and the defendant (appellant) is hereby discharged from custody. Code 1923, § 3259.

Reversed and rendered.

146 So. 82

## CAMPBELL v. STATE.
### 8 Div. 485.

Court of Appeals of Alabama.

Feb. 7, 1933.

Henry D. Jones and F. S. Parnell, both of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

147 So. 645

## FRICKS v. STATE.
### 6 Div. 279.

Court of Appeals of Alabama.

Jan. 17, 1933.

Rehearing Denied Feb. 7, 1933.

