193 So. 875

## HUNT v. STATE.

### 4 Div. 522.

Court of Appeals of Alabama.
Feb. 13, 1940.

McDowell & McDowell, of Eufaula, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

PER CURIAM.

This appeal is from a judgment of conviction wherein the defendant was charged with the offense of buying, receiving, concealing, or aid in concealing, one 1934 Model Chrysler Sedan, of the value of $500, the personal property of some person whose name is unknown to the grand jury, knowing that it was stolen, and not having the intent to restore it to the owner, etc.

The evidence in this case is without dispute or conflict and the controlling question for determination on this appeal is, is the testimony sufficient to sustain the judgment of conviction pronounced and entered? This question is properly presented.

 In conference, the full court has read the entire record, including all the evidence adduced upon the trial in the court below, and likewise the court sitting en banc has considered the case. We are clear to the conclusion that the State failed to meet the necessary burden of proof required under the law before a conviction for crime can be allowed to stand. There was no legal evidence to establish the material and controlling ingredient of the offense, i. e., that the automobile had been stolen. The only testimony as to this question was hearsay, pure and simple. Further, there was no legal evidence adduced upon the trial which tended to show that this appellant bought, received or concealed said car, and in its strongest phase, the case was rested upon suspicion, surmise and conjecture, and upon such, no conviction for crime can be sustained or permitted to stand. Moon v. State, 1923, 19 Ala.App. 176, 95 So. 830; Gay v. State, 1923, 19 Ala.App. 238, 96 So. 646; Ammons v. State, 1924, 20 Ala.App. 283, 101 So. 511; Coggin v. State, 1929, 23 Ala. App. 135, 122 So. 186; Fennoy v. City of Hartselle, 1929, 23 Ala.App. 294, 124 So. 399.

Jury may not convict on mere conjecture as to what accused may have done. Hightower v. State, 1929, 23 Ala.App. 235, 123 So. 287; Catrett v. State, 1933, 25 Ala. App. 331, 146 So. 287.

Mere suspicion, surmise, or conjecture will not sustain conviction. McKinnon v. State, 1931, 24 Ala.App. 537, 137 So. 677; Riley v. State, 1932, 24 Ala.App. 594, 139 So. 576; Hand v. State, 1935, 26 Ala.App. 317, 159 So. 275.

Pending the trial several exceptions were reserved to rulings of the court upon admission of testimony. These exceptions, in the main, appear to be well taken; but from what has been said, there is no necessity to discuss these points of decision in detail.

Under the evidence the defendant should have been discharged and the court erred in refusing to defendant the general charge requested in writing; and also erred in overruling and denying defendant's motion for a new trial.

The judgment of conviction, from which this appeal was taken, is reversed and the cause remanded.

Reversed and remanded.