196 So. 747

### CURLEE v. STATE.

### 7 Div. 555.

Court of Appeals of Alabama.

June 11, 1940.

E. W. Harmon, of Anniston, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQuen, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of unlawfully being in possession of a quantity of whiskey.

At the close of the taking of testimony he asked the court, in writing, to instruct the jury that they could not convict him.

In addition to the above, after his conviction, and within the time prescribed by law, he made to the court a motion to set aside the verdict of the jury, and the judgment entered thereon, and grant him a new trial. Exception to the action of the court in overruling this motion is duly shown by the bill of exceptions filed here. Our duty is plain.

We have read the entire testimony, sitting en banc. We will not detail it.

There are, it is true, some circumstances shown which point the finger of suspicion toward appellant. But many times we have said that this, alone,—and this is such a case—is not sufficient upon which to found a verdict of guilt.

Appellant was entitled to have the jury instructed as noted above. Or, failing that, his motion to set aside their verdict should have been granted. Ex parte Grimmett, 228 Ala. 1, 152 So. 263; Austin v. State, ante, p. 327, 195 So. 566.

The judgment is reversed and the cause remanded.

Reversed and remanded.