196 So. 748

### THURMAN v. STATE.

7 Div. 554.

Court of Appeals of Alabama.

June 11, 1940.

E. W. Harmon, of Anniston, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The defendant appeals from a judgment of conviction in the Circuit Court of Calhoun County for violation of the prohibition law. The jury assessed the minimum fine against him. The whiskey and some empty cans and bottles were found, at different places, adjacent to defendant's home and premises, and when the defendant, as well as his wife, was absent therefrom. The defendant denied all knowledge of or connection with same and introduced evidence of good reputation.

This court, sitting en banc, has read and carefully considered the evidence and is of the opinion that the evidence given pending trial was insufficient to warrant conviction of the defendant. The facts and circumstances obtaining here are not dissimilar to many other cases already decided by this court, notably among them being Curlee v. State, 196 So. 747;[1] Weaver v. State, 24 Ala.App. 694, 131 So. 927; Huckabaa v. State, 23 Ala.App. 333, 125 So. 202; Bivens v. State, 27 Ala.App. 304, 171 So. 755, and cases there cited. Upon authority of these decisions this case should be reversed. No guilty scienter is shown and defendant's connection with the subject matter involved is based upon merest suspicion. Quoting from the Curlee case (supra) and applicable here, "There are, it is true, some circumstances shown which point the finger of suspicion toward appellant. But many times we have said that this, alone,—and this is such a case—is not sufficient upon which to found a verdict of guilt."

Upon these authorities and others of like import, not necessary to here cite, this

---

[1] Ante, p. 393.

court holds that the general affirmative charge requested by defendant should have been given, or, failing, he should have been granted a new trial upon motion seasonably presented. For these errors, manifest in the record, the judgment is reversed.

Reversed and remanded.

