198 So. 151

## WALLS v. STATE.

### 8 Div. 940.

Court of Appeals of Alabama.

June 25, 1940.

Rehearing Denied Aug. 6, 1940.

E. D. Johnston, of Huntsville, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

This is an appeal from a judgment of conviction in the Circuit Court of Madison County—denominated a "wet" county by the terms of the Alabama Beverage Control Act, Gen.Acts, Extra Session, 1936-37, p. 40, No. 66. It was there charged that defendant (appellant here) "did sell or have in possession illegally, give, barter, exchange, receive, deliver, carry, or ship Prohibited Liquors, contrary to law against the peace and dignity of the State of Alabama."

This court, sitting en banc, has read the record of the evidence and carefully considered the same, and is of the opinion that the presumption of innocence which should attend the defendant throughout the trial of the cause was not rebutted or overcome by that measure of proof which the law dictates. We have been unable to discover any substantial evidence tending to connect the accused with the offense charged. The liquor—a pint of whiskey and about a half pint of gin—in bottles duly labeled

with State stamps, etc., upon which the prosecution was rested, was found in defendant's kitchen, (claimed by her witnesses and not substantially contradicted by other evidence to be part of her living quarters), and at a time when she was not present and, in fact, from which she had been absent since the previous day. Her husband asserted ownership of the liquor, contending that he had purchased it from the State liquor store in Huntsville. There was no evidence, and no circumstances from which it could be inferred, that liquor was being sold at the time and place in question.

Constructive possession alone is not sufficient to justify a conviction of the offense charged. There must in addition be evidence from which the jury can infer a guilty scienter. Burroughs v. State, 24 Ala.App. 579, 139 So. 115; Pate v. State, 26 Ala.App. 487, 162 So. 571; Weaver v. State, 24 Ala.App. 694, 131 So. 927. We quote, in support of our conclusions, an excerpt from the opinion of our Presiding Judge in Bivens v. State, 27 Ala.App. 304, 171 So. 755, 756, which is quite applicable: "We are of the opinion that the state failed to meet the necessary burden of proof and that there was no evidence tending to connect the accused with the crime charged. In numerous decisions it has been held the mere finding of prohibited liquors on the premises of the defendant when he was not present, and no evidence whatever to connect him therewith, is insufficient upon which to predicate a verdict of guilty, and that such evidence will not sustain a judgment of conviction. Huckabaa v. State, 23 Ala.App. 333, 125 So. 202; Talbot v. State, 23 Ala.App. 559, 129 So. 323, 324; Hutcheson v. State, 21 Ala.App. 174, 106 So. 206; Johnson v. State, 20 Ala. App. 598, 104 So. 352; Bush v. State, 20 Ala.App. 486, 103 So. 91; Ammons v. State, 20 Ala.App. 283, 101 So. 511; Spelce v. State, 20 Ala.App. 412, 103 So. 694."

These cases, Curlee v. State, Ala.App., 196 So. 747,[1] and others of similar import impel us logically to the inescapable conclusion that the defendant in the instant case was entitled to the general affirmative charge, requested, and for us to conclude otherwise would be to subvert our plain duty.

It appears from the evidence that the living quarters of defendant and her husband, including the kitchen where the liquor was found, was under the same roof with and adjacent to a dance hall and beer parlor owned by defendant—and for the operation of which beer parlor defendant had a proper "beer license."

The learned trial judge, in oral charge to the jury, instructed as follows: "The law provides that the possession of prohibited liquors in any building not used entirely and exclusively as a residence is prima facie evidence that they are kept for sale, which is prohibited."

We assume that such a pronouncement by the court was conceived as being authorized by Section 4685, Code 1923 (originally Gen.Acts Spec.Sess.1909, p. 63, Sec. 4), which is: "The keeping of liquors or beverages that are prohibited by the law of the state to be manufactured, sold or otherwise disposed of, in any building not used exclusively for a dwelling shall be prima facie evidence that they are kept for sale, or with intent to sell the same, contrary to law."

The building where the liquor was found was not used by defendant exclusively as a dwelling, and had the location thereof been in a so-called "dry" county, where all intoxicating liquors are, by law, "prohibited," the above quoted statute would have been applicable here and perhaps importantly controlling. Fitzpatrick v. State, 169 Ala. 1, 53 So. 1021; Stokes v. State, 5 Ala.App. 159, 59 So. 310; Carmichael v. State, 11 Ala.App. 209, 65 So. 694; Sinbeck v. State, 28 Ala.App. 118, 179 So. 645. There is a difference, however, in a wet county, and liquors purchased from the State stores or licensed dealers, duly labeled and stamped as prescribed by the Alabama Beverage Control Act—even though intoxicating—are not prohibited in such counties.

It appears, according to the testimony of defendant's husband and not substantially contradicted by other evidence, that the liquor involved in this prosecution was purchased from the State liquor store in Huntsville. Such liquor, therefore, was not "liquors or beverages that are prohibited by law," but on the contrary was "legal liquor," the possession of which was there permissible, in Madison—a "wet"—County and the statutory presumption declared by the foregoing Code Section did not prevail in the circumstances of this case so as to relieve the State from the burden

---

[1] Ante, p. 393.

of proving, circumstantially or otherwise, the defendant's guilty connection with the liquor for the *illegal* purposes charged in the affidavit.

For the refusal of the court, therefore, to give for the defendant the general affirmative charge duly requested, the judgment of the trial court is reversed.

Reversed and remanded.

