F. E. Throckmorton, of Tuscumbia, for appellant.

Thos. S. Lawson, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

Appellant was convicted of maintaining or of aiding or abetting in maintaining an unlawful drinking place in Colbert County and appeals.

The outline of the evidence furnished in the brief of the assistant Attorney General suffices: There was a small two room building furnished with such articles as chairs, tables, a counter, dishes, glasses, a.

3 So.2d 142

**HARVEY v. STATE.**

**8 Div. 151.**

Court of Appeals of Alabama.

June 17, 1941.

cook stove and bed. Appellant and another not on trial lived there (and according to appellant the place was to be used as a beer parlor when his associate could procure the necessary license). Previous complaints (of what nature it is not clear) had been received by the Sheriff's office and on this particular day the State's witness—a deputy Sheriff—visited the place. Appellant was there and was seen bringing to the house 7 pints of whiskey, duly labeled with the State stamps, etc. Seven other pints of this whiskey were found in rear of the building, and about the premises were also found several empty whiskey cases. State's witness further testified, without objection, that the records at the State liquor store revealed that appellant had, the previous day, purchased 2 cases of whiskey. It was the defendant's contention that, although he had bought the whiskey at the State store, its quantity was only what the officer had found and that he had planned using it that day on an intended fishing trip with friends.

This is the gist of the evidence mentioned in the brief of the Attorney General but we think it important to add that, —according to the uncontradicted evidence, —all of the whiskey found on the premises —or in fact testified about—was duly labelled with State stamps and had been purchased from one of the State stores of the County. This fact was not controverted. Furthermore no evidence was adduced that there was any drinking of any kind carried on at the place at that or any previous time, or that appellant was selling or offering for sale or using or allowing the use there of this or any other whiskey.

From these facts—and these alone—we are asked to sustain the conviction. But we think the evidence wholly insufficient.

To be guilty of the offense charged it must be substantially proved that the appellant was keeping or maintaining or aiding or abetting in keeping or maintaining an unlawful drinking place as defined in Section 4617, Code 1923, Code 1940, Tit. 29, § 95. We assume that prosecution was intended under subdivision (1) of said Section inasmuch as the remaining subdivisions thereof are altogether impertinent as regards the evidence on trial. The pertinent provision of said Section is: "The following drinking places are hereby declared to be unlawful drinking places: (1) Any place or resort where the prohibited liquors or beverages or any of them are kept to be drunk upon or about the premises by persons resorting there for that purpose; * * *. Any of the places herein designated if kept or maintained, shall be and constitute an unlawful drinking place."

■ This section deals exclusively with prohibited liquors or beverages. To violate it the defendant's guilty connection with prohibited liquors must be established by the evidence. This was not done here, for the liquor in his possession was liquor legally purchased from the State store in Colbert, a wet county as termed in the Alabama Beverage Control Act, General Acts, Extra Session 1936–37, p. 40 et seq., No. 66. For codification of this Statute see 1940 Code of Alabama, Title 29, Section 1 et seq.

In Walls v. State, 29 Ala.App. 466, 198 So. 151, 153, this Court, in distinguishing between the possession, etc., of intoxicating liquors in wet and dry counties of our State, held:

"There is a difference, however, in a wet county, and liquors purchased from the State stores or licensed dealers, duly labeled and stamped as prescribed by the Alabama Beverage Control Act—even though intoxicating—are not prohibited in such counties.

"It appears * * * that the liquor involved in this prosecution was purchased from the State liquor store in Huntsville. Such liquor, therefore, was not 'liquors or beverages that are prohibited by law,' but on the contrary was 'legal liquor,' the possession of which was there permissible, in Madison—a 'wet'—County."

This view was sustained by our Supreme Court in the same case. 240 Ala. 148, 198 So. 153.

■ The rationale of that opinion is controlling here. The appellant was not proven to be in possession or otherwise concerned with "prohibited" liquor in his (a wet) county. And if not, his acts were not proscribed by the Section under which he was prosecuted.

In passing we observe—and it may add force to our conclusions—that Section 4617, above, appears in Title 29, Code 1940, as Section 95 under Chapter 3. The heading and catch line of Chapter 3 is "Laws Applicable In Dry Counties." See also Section 92, same Title and Chapter. Our holding here however is limited to a construction of the Statutes as existing prior

to the recent date when our present (1940) Code became effective.

In refusing the general affirmative charge, duly requested by appellant, it is our view that the learned trial judge fell into error. The judgment is reversed and the cause remanded.

Reversed and remanded.