24 So.2d 771

### KIDD v. STATE.

### 7 Div. 827.

Court of Appeals of Alabama.

Feb. 5, 1946.

Embry & Weaver, of Pell City, for appellant.

Wm. N. McQueen, Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

CARR, Judge.

The appellant was convicted on an indictment which charged the offense of receiving stolen property. Title 14, Sec. 338, Code 1940.

In its most favorable light for the State, the tendencies of the pertinent evidence reveal:

W. L. Lowe lost a pocketbook containing $83 and some papers. The circumstances were such that it was reasonable to infer that the purse fell from his pocket while he was working in a farm field during an afternoon. Willie Kidd, a ten year old son of the defendant, was present and assisting Mr. Lowe about his farming engagements. When it was discovered that the property was lost, a brief, unsuccessful search was made in the field. The approach of darkness caused the two parties to abandon their quest and return to the barn with their plow animals. At the barn they were joined by Mr. Lowe's father. The latter testified that Willie appeared nervous and his conduct was unnatural, so much so that it was suspected that the boy had found the purse and was concealing it. The elder Mr. Lowe followed Willie when the latter left the barn to go home, a distance of about two hundred yards. At a vantage of some position Mr. Lowe saw the boy enter onto the front porch. We quote a part of the testimony of the former:

"Q. Was he running when you saw him? A. No, sir, he was near the house.

"Q. Then what did you see, if anything? A. He went on the porch and Margaret was on the porch.

"Q. His mother? A. Yes, sir.

"Q. Margaret Kidd? A. Yes, sir. He paused a second or two; I kept behind a shade tree and watched them and I saw their hands reach out, I didn't see anything I couldn't.

"Q. You did see him reach his hand out and she reach her hand out? A. Yes, sir, and he came back by the barn, but didn't do any work."

Early next morning Mr. Lowe, his father, and Willie renewed the quest for the pocketbook. It appears that Willie's two sisters—one eight and the other twelve years of age—came to the field with breakfast for their brother. Soon after their arrival and after all had made search, Willie discovered the purse in a plow furrow which had been made the afternoon before. The pocketbook did not show evidence of having weathered the dew the night be-

fore. The money had been taken from the purse and was never recovered.

With the appellant in her home were the three children named above and her husband. Both Margaret and Willie testified at the trial. Each denied the incident on the porch which is quoted above, and each also disclaimed having seen or had the pocketbook until after the finding next morning. Margaret introduced evidence tending to establish her good character.

The burden was cast on the State to prove by the evidence beyond a reasonable doubt and to a moral certainty all the material allegations of the indictment. This in our opinion, it failed to do.

We have given attentive consideration to this record, sitting en banc, and we have reached the conclusion that a conviction on the evidence in this case would be unjust and out of harmony with the policy of our criminal laws. Inge v. State, 28 Ala.App. 38, 178 So. 453; Hunt v. State, 29 Ala.App. 165, 193 So. 875; Austin v. State, 29 Ala.App. 327, 195 So. 566; Cohen v. State, 16 Ala.App. 522, 79 So. 621.

Reversed and remanded.