Billie Joe Williamson was convicted in the Circuit Court of Etowah County on counts of attempted rape and the unlawful breaking and entering of a vehicle. He was sentenced to imprisonment on each count.
On appeal, the Alabama Court of Criminal Appeals reversed his conviction of attempted rape. 570 So.2d 722. However, it failed to address his conviction of breaking and entering. Consequently, he petitioned this Court for a writ of certiorari on the ground that the Court of Criminal Appeals' opinion essentially affirmed the breaking and entering conviction and thereby created a conflict with that court's prior decisions requiring proof of intent where intent is an element of the offense. See, e.g., Gantt v. State,356 So.2d 707 (Ala.Crim.App.), cert. denied, 356 So.2d 712 (1978) (substantial evidence required for every element of the offense charged); Talbot v. State, 23 Ala. App. 559, 129 So. 323 (1930) (proof beyond a reasonable doubt required for every element of the offense). We granted the petition for the writ of certiorari and, to the extent that the Court of Criminal Appeals affirmed the breaking and entering conviction, we reverse.
The pertinent facts as stated in the opinion of the Court of Criminal Appeals reveal that the victim was accosted by a man as she got into her automobile. Before she could close the door, he allegedly forced his way into the vehicle and grappled with her, struck her, choked her, and burned her cheek with a cigarette. She was eventually able to free herself, and the assailant abandoned the attack.
At trial, the defendant requested jury instructions on the offense of third degree assault on the ground that that offense constituted a lesser included offense as to rape. The trial court refused those instructions. The Court of Criminal Appeals, without addressing the conviction of breaking and entering, reversed the attempted rape conviction and remanded, holding that the jury should have been instructed on the offense of third degree assault. Before this Court, the defendant contends that the *Page 1290 
State failed to prove the intent necessary to support a conviction for breaking and entering. Under the procedural posture of this case, we agree.
Under Ala. Code 1975, § 13A-8-11(b), "[a] person commits the crime of unlawful breaking and entering a vehicle if, without the consent of the owner, he breaks into and enters a vehicle or any part of vehicle with the intent to commit any felony ortheft." (Emphasis added). However, Ala. Code 1975, § 13A-6-22, provides:
 "(a) A person commits the crime of assault in the third degree if:
 "(1) With intent to cause physical injury to another person, he causes physical injury to any person; or
 "(2) He recklessly causes physical injury to another person. . . .
". . . .
 "(b) Assault in the third degree is a Class A misdemeanor."
Id. (emphasis added). Third degree assault, therefore, is neither a felony nor a theft as required by § 13A-8-11(b). Because the Court of Criminal Appeals determined that the defendant was entitled to a new trial in which the jury should receive instructions on third degree assault, the defendant's contention that the State has failed to prove the intent necessary to support a conviction under § 13A-8-11(b) is well founded.
This conclusion follows from the possibility that, upon retrial, the defendant may be convicted merely for the misdemeanor offense of third degree assault. Such a result would be inconsistent with his conviction under § 13A-8-11(b), since a conviction under that section requires a finding of intent to commit a felony or a theft. Consequently, the holding of the Court of Criminal Appeals also compels reversal of the conviction for breaking and entering under § 13A-8-11(b). The judgment of the Court of Criminal Appeals, to the extent that it affirms the conviction for breaking and entering is reversed, and the cause is remanded with instructions to remand to the trial court for retrial on both counts.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.
KENNEDY, J., dissents.