(121 So. 445)
**COPELAND v. STATE.   (4 Div. 508.)**

Court of Appeals of Alabama.   March 26, 1929.

A. G. Seay, of Troy, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. ■ By the searching officers a keg containing several gallons of whisky or rum was found concealed under hay, or other débris, in an outhouse across the road, and some distance from appellant's dwelling house.

This court, having read in full, and considered, the entire evidence in this case, have reached the conclusion that the conviction of this appellant upon this evidence was unwarranted, and cannot be permitted to stand. There was no evidence tending in the slightest degree to connect the accused with the possession of the keg and its contents, or to show that he had any knowledge thereof; and the only evidence upon this question is affirmative to the contrary.

■ We think the evidence hardly sufficient to even raise a suspicion of defendant's guilt, and the general rule must here prevail, which is, if the evidence raises a mere suspicion, or, admitting all it tends to prove, defendant's guilt is left in uncertainty, or dependent upon conjecture or probabilities, the court should instruct the jury to acquit. The evidence should be of such character as to overcome, prima facie, the presumption of innocence.

■ Circumstantial evidence to be sufficient to justify a jury in convicting upon it, the circumstances proved must not only be consistent with the hypothesis that the accused is guilty, but inconsistent with the hypothesis that he is innocent, and inconsistent with every other rational hypothesis except that of his guilt.

■ Moreover, as stated, for circumstantial evidence to be sufficient to justify the court in submitting the case to the jury, it must be of such a character as to overcome the presumption of innocence which is evidentiary in its nature, and which attends the accused when upon trial charged with the commission of a criminal offense.

What has been here said is in line with the following authorities: Ammons v. State, 20 Ala. App. 283, 101 So. 511, and cases cited.

For the error in refusing to defendant the general affirmative charge, the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.