152 So. 263

## Ex parte GRIMMETT.

### 7 Div. 212.

Supreme Court of Alabama.

Nov. 9, 1933.

J. J. Cockrell, of Talladega, for petitioner.

Thos. E. Knight, Jr., Atty. Gen., opposed. Brief did not reach the Reporter.

BROWN, Justice.

The Court of Appeals, in the opinion brought under review, by the petition for the writ of certiorari, applying the rule which obtains in civil cases in this jurisdiction, holds that: "A scintilla of evidence, going to support the state's contention, necessitates reference of issue raised thereby to the jury for decision, at least in first instance" —citing in support of this holding Norwood Hospital v. Brown, 219 Ala. 445, 122 So. 411.

After an examination of the authorities, we have been unable to find any decision of this or any other court of last resort that has invoked the "scintilla rule" to uphold a criminal prosecution.

██ The general rule, to which there are some exceptions, is that, on the trial of the

issue in civil cases, the parties enter upon the trial, unaided by any presumptions, with the burden on the party asserting the affirmative of the issue, but in criminal prosecutions, where the plea of not guilty is interposed, the defendant goes to trial attended by the presumption of innocence, which, under the uniform holdings of this court, is a matter of evidence which attends him through the trial. Bryant v. State, 116 Ala. 445, 23 So. 40; Newsom v. State, 107 Ala. 133, 18 So. 206.

This rule has been applied in civil trials where the issue involves criminal acts or conduct. Freeman v. Blount, 172 Ala. 655, 55 So. 293; Mutual Life Ins. Co. of New York v. Maddox, 221 Ala. 292, 128 So. 383.

While this court has discouraged the practice of giving the affirmative charge against the defendant in criminal prosecutions, we have affirmed cases where the affirmative charge was so given, and the evidence was clear, positive, and without dispute in proof of every element of the offense. Jones v. State, 96 Ala. 56, 11 So. 192; Johnson v. State, 91 Ala. 70, 9 So. 71; Olmstead v. State, 89 Ala. 16, 7 So. 775.

■ But, where the evidence is not positive and clear, affirming every fact essential to guilt, or is circumstantial, or there is any evidence, even a scintilla, exculpating the defendant, this, coupled with the presumption of innocence, necessitates a denial of an affirmative instruction for the state. Taylor v. State, 121 Ala. 24, 25 So. 689; Parrish v. State, 139 Ala. 16, 36 So. 1012. This is the effect of the holding on rehearing in Mutual Life Ins. Co. of New York v. Maddox, supra.

In Randolph v. State, 100 Ala. 139, 14 So. 792, 793, dealing with the sufficiency of the evidence to require a submission of the issues to the jury, raised by defendant's motion to exclude the evidence of the state and discharge the defendant, it was observed: "This question was raised in behalf of both defendants by a joint motion on their part, made upon the close of the testimony for the prosecution, 'to exclude all the evidence offered by the state, and to discharge the defendants.' This motion should have been granted. The court's denial of it was to rule, in effect, that there was evidence which, if believed by the jury, would authorize a conviction."

And again in Howard v. State, 108 Ala. 571, 575, 18 So. 813, 815: "The motion made by the defendant, on the close of the evidence offered by the state, for the exclusion of the evidence because of its insufficiency to support a conviction, was properly overruled. On every trial by jury in a civil or criminal case, there may arise a preliminary question, —a question of law the court must decide,— and that is whether the party on whom rests the burden of proof has introduced evidence which ought properly to be submitted to the jury in support of the issue he is bound to maintain. * * * The degree of the evidence, whether it must be of such force that, in the opinion of the court, the jury could reasonably conclude the issue was proved, or the burden of proof satisfied; or whether it may have only a tendency to establish the issue, the necessities of this case do not require us to consider. It is enough to say there was not that want of criminating evidence,—such want of evidence of every fact material to a conviction,—as required that the court should withdraw it from the consideration of the jury. The facts and circumstances in evidence, if dissevered and disconnected, may be weak and inconclusive; but their probative force, when combined, as it was the province of the jury to combine them, under proper instructions from the court, may have satisfied them of the guilt of the defendant."

Again, in disapproving the practice of the trial court allowing a defendant in a criminal case to demur to the evidence, it was observed: "In all criminal prosecutions, the guilt of the accused must be fully proved. a preponderance of evidence may turn the scale in a civil case; but in a criminal prosecution, 'neither a mere preponderance of evidence, nor any weight of preponderant evidence, is sufficient, unless it generate full belief of the fact, to the exclusion of all reasonable doubt.' * * * If a demurrer to evidence may be interposed, and has the same effect, in a criminal prosecution, as in a civil case, this wise and humane rule of the criminal law must be reversed. The evidence, instead of being taken most favorably for the accused, must be taken most strongly against him, if he is the demurrant. Against him there may not be a preponderance of evidence; it would be enough that there is evidence having a mere tendency to establish a material fact; then the fact, according to Bryan v. State [26 Ala. 65], supra, must be taken as admitted. A jury, if the question were submitted to them, with proper instructions from the court, would hesitate to affirm that the mere tendency of the evidence overcomes the presumption of innocence, which shields every prisoner at the bar." Martin v. State, 62 Ala. 240, 242.

■ These utterances are clearly inconsistent with the thought that a mere "gleam," "glimmer," "spark," "the least particle," the "smallest trace"—"a scintilla"—is sufficient, in the face of the presumption of innocence, to require the court to submit the issues in a criminal case to the jury, and the scintilla rule, in this sense, does not apply to criminal prosecutions. There must be substantial evidence tending to prove all the elements of the charge. Randolph v. State, supra; Howard v. State, supra; 8 R. C. L. 225, § 221.

The Court of Appeals did not find as a fact that there was more than a mere scintilla of evidence to support the charge.

The writ of certiorari must therefore be granted, the judgment of the Court of Appeals reversed, and the cause remanded to that court for further consideration.

Writ granted; reversed and remanded.

THOMAS, BOULDIN, FOSTER, and KNIGHT, JJ., concur.

ANDERSON, C. J., and GARDNER, J., dissent.