178 So. 453

## INGE v. STATE.

### 2 Div. 620.

Court of Appeals of Alabama.

Nov. 23, 1937.

Rehearing Denied Dec. 14, 1937.

Herbert & Herbert, of Demopolis, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

■ Notwithstanding the dissent of two of its ablest members, it seems now thoroughly established by the Supreme Court of our State that "to authorize submission of [a] criminal case to [the] jury, there must be substantial evidence tending to prove all elements of [the] charge; mere scintilla of evidence, in view of [the] presumption of innocence, being insufficient." Ex parte Grimmett, 228 Ala. 1, 152 So. 263.

We will not discuss the evidence contained in the 'bill of exceptions. It seems unnecessary; though we will remark that the court has read, studied, and considered same, sitting en banc.

■■ All that part wherein appellant is even mentioned has been thoughtfully—and conveniently for the court—segregated and copied into the admirable brief filed here on his behalf.

It may be, and doubtless is, true that it creates a "suspicion" against appellant. But that is not enough.

It is clear to us that "admitting all it tends to prove, defendant's (appellant's) guilt is left in uncertainty, or depends upon conjecture or probabilities." In such a case it is the duty of the court to instruct the jury (upon proper request) to acquit the defendant. Copeland v. State, 23 Ala.App. 91, 121 So. 445.

As some one has said: "When the law is respected, when the Constitution is maintained, though crime may sometimes go unpunished, at least innocence is secure."

For the error in refusing to give to the jury at appellant's request the general affirmative charge to find in his favor, the judgment is reversed and the cause remanded.

Reversed and remanded.