180 So. 102

## COOPER v. STATE.

### 7 Div. 455.

Supreme Court of Alabama.

March 31, 1938.

Harvey A. Emerson, of Anniston, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BOULDIN, Justice.

"The humane provisions of the law are, that a prisoner, charged with a felony, should not be convicted on circumstantial evidence, unless it shows by a full measure of proof that the defendant is guilty. Such proof is always insufficient, unless it excludes, to a moral certainty, every other reasonable hypothesis, but that of the guilt of the accused. No matter how strong the circumstances, if they can be reconciled with the theory that some other person may. have done the act, then the defendant is not shown to be guilty, by that full measure of proof which the law requires." Ex parte Acree, 63 Ala. 234.

This statement of the law, often repeated in substance, is expressive of the deep solicitude of the law that the guilty, and the guilty alone, shall be punished for crime.

These considerations are particularly applicable to this case. Here was an atrocious crime. The vital issue is the identity of the perpetrator.

The evidence is circumstantial. The court has read it in consultation. Indulging the strong presumption to be accorded the verdict, we are clearly convinced the motion for a new trial should have been granted upon the ground that the proof is not of that conclusive character demanded by the law.

For obvious reasons we indulge in no discussion of the evidence.

Suffice to say every reasonable effort should be made to get the whole truth and, if possible, bring the real culprit to justice, whether he be this defendant, or another negro. This record does not disclose that full inquiry which should be made touching the identifying data relied upon by the State.

To sustain this conviction would tend to stifle inquiry.

A new trial will be here granted, the judgment of conviction reversed, and the cause remanded.

Let defendant remain in custody until discharged by due process of law.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.