200 So. 635

**HARDISON v. STATE.**

4 Div. 576.

Court of Appeals of Alabama.

Jan. 14, 1940.

Rehearing Denied Feb. 4, 1941.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for the term of ten years.

It was charged in the indictment on which he was tried that he "unlawfully and with malice aforethought killed Ella Hardison by hitting her with some blunt instrument, a further description of the same being to the Grand Jury unknown."

Deceased was the wife of appellant; and the evidence by which he was sought to be held responsible for her death was entirely circumstantial.

In such situation, it was of course permissible for him to adduce evidence tending to show that some one other than himself, and with whom he had no connec-

J. W. Brassell and W. R. Belcher, both of Phenix City, for appellant.

tion, or connivance, was the murderer—even assuming that his said wife was murdered. Davis v. State 8 Ala.App. 211, 62 So. 382.

In other words, in such circumstance one accused of crime may show his own innocence by proof of the guilt of another, provided the evidence of the guilt of the other relates to the res gestae of the event —the perpetration of some deed entering into the crime itself. McDonald v. State 165 Ala. 85, 51 So. 629.

There are rulings apparent, to which exceptions were duly reserved, not in harmony with the law as stated above; and for which the judgment appealed from would have to be reversed.

■ The argument of the Assistant Attorney General, here representing the State, to the effect that because an expert witness gave it "as his opinion" that deceased, who came to her death at somewhere around 9 o'clock in the morning, must have died within fifteen minutes after receiving the blow which caused (in his opinion) her death, and this testimony of the expert was "uncontradicted," no testimony could be received as to a blow suffered by deceased some five or six hours prior to the time she died, is fallacious.

■ No rule of law is better settled than that "opinions of medical experts as to the cause of death * * * either in answer to a hypothetical question or based on personal observation and examination, do not invade the province of the jury, but go to them *to be weighed along with the other evidence in passing on the question of causation;* or, stating the rule more broadly, when expert opinion as to causation is admissible, *the weight of the opinion is to be determined by the jury."* (Italics supplied by us.) 20 Am.Jur.Evidence, § 867, pp. 731, 732.

But on this record (including the bill of exceptions), it was, perhaps, superfluous that we make the remarks contained hereinabove.

■ For, here, this court, after reading, considering, and studying the evidence while sitting *en banc,* fails to find *any evidence* that deceased came to her death as the result of a blow inflicted by *appellant.* Even if there were a *scintilla* of such evidence, it would not be sufficient.

■ It is now too well settled to be further argued that "to authorize [the] sub-mission of [a] criminal case to [a] jury, there must be *substantial evidence* tending to prove all elements of [the] charge." Ex parte Grimmett 228 Ala. 1, 152 So. 263.

If by any chance we should be mistaken in our implied assertion hereinabove that there was *no* evidence—*substantial,* or otherwise—that *appellant* struck the blow which caused the death of deceased, we have searched in vain the brief filed here on behalf of the State to find where such evidence was identified and pointed out.

The Assistant Attorney General, it is true, does stoutly asseverate in his brief that "the proof is *conclusive* (which it is not) that this woman's death was caused by a blow administered to her head within fifteen minutes of her death." (Italics and parenthesis supplied by us.) But even so, where is the evidence that *appellant* "administered said blow?"

■ The only testimony on the subject shows that she might just as well have received the blow from a fall. And we know of no law which authorizes the jury to *guess* what caused any person's death.

Assuming the responsibility which is ours, we hold that it was error, for which the judgment of conviction must be reversed,—and for which it is reversed—for the trial court to refuse to give to the jury at appellant's request the general affirmative charge to find him not guilty. Inge v. State, 28 Ala.App. 38, 178 So. 453, certiorari denied Id., 235 Ala. 280, 178 So. 454; Austin v. State, 29 Ala.App. 327, 195 So. 566.

Reversed and remanded.