195 So. 566

## AUSTIN v. STATE.

### 4 Div. 520.

Court of Appeals of Alabama.
April 16, 1940.

E. C. Boswell, of Geneva, for appellant.

Thos. S. Lawson, Atty. Gen., and Willard C. McCall, Asst. Atty. Gen., for the State.

RICE, Judge.

■ Regardless of what the law once was, it seems now definitely settled that a mere "gleam," "glimmer," "spark," "the least particle," the "smallest trace"—"a scintilla"—(all, of evidence), is not sufficient to require the guilt vel non of one accused of crime (and on trial) to be submitted to the jury—in the face of the presumption of innocence attending such a one's plea of not guilty. Ex parte Grimmett, 228 Ala. 1, 152 So. 263; Code 1923, Sec. 7318. But that before the question of such an one's guilt shall be submitted to the jury for its decision "there must be substantial evidence tending to prove all the elements of the charge." 228 Ala. 1, 152 So. 264.

As we read the decision in the Ex parte Grimmett case, supra, it operates to render the rules for granting a motion for a new trial in a criminal case on the ground the verdict of the jury is opposed to the great weight of the evidence, and for granting the defendant's request to give to the jury the general affirmative charge to find in his favor, to be substantially one and the same. Either said motion, or said request, should be granted unless there is "substantial evidence tending to prove all the elements of the charge."

Here we propose to apply said rule to appellant's duly requested general affirmative charge, which was refused to him, below.

One John A. Stokes, who lived in Geneva County, owned some twenty-eight bags (hull sacks) of peanuts which he had stored in a storehouse in Coffee County belonging to one Cheshire. The house had been used (presumably by Stokes) generally for storing "peanuts and hay and things of that sort." And Stokes testified that "there was peanuts, velvet beans, peanut hay and dry peas in there which had been stored in there about two months and a half"—and the assumption is, these things belonged to Stokes.

Mr. Stokes testified "he lost eight sacks of those peanuts;" that he "didn't give anybody authority to move those peanuts;" and the value of those he "lost" was proved, hypothetically, to be more than $25. He testified he "missed them about the 10th of February."

Appellant, an eighteen year old boy, with two others, was indicted for the theft of

two sacks of the above peanuts, of the value of $6.

There was a joint trial; all three were convicted of the offense of petit larceny; and the appeal of only this appellant is before us.

■ Perhaps it can be said the corpus delicti was proven. If so, the only evidence connecting this appellant with the crime charged was his "claimed confession" made to the officers at the time of his arrest. We say "claimed confession" because we find the testimony in the bill of exceptions to be in a rather confused state. It is not easy —we are tempted to say not possible—to know to just what "peanuts" appellant had reference in his "confession"—according full credence to the testimony on the trial of said officers.

But however that may be, the crime, if crime there was, to which appellant "confessed"—according to the officers—must have been committed prior to January 15th (or, as the officers said, "on or about Jan. 15th"), the date of his arrest—and "confession."

Mr. Stokes not "missing" his peanuts until "about the 10th of February," and there being no word of testimony in the record— waiving, as being what has been called in some of the books a "testimonial nonentity," Mr. Stokes' bald conclusion, or opinion, or guess, that they "were got somewhere about the 15th of January"—he couldn't know—tending to show they were taken before that date, it is clear that appellant could not be convicted upon a confession made some two or three weeks prior to that time. Or, if by a refinement of construction of the language used in the testimony contained in the bill of exceptions, or in inferences to be drawn therefrom, it could be said the testimony indicated the peanuts were taken before the "confession" was made, such "indication" would rise to no higher degree of force than a mere "scintilla of evidence"—a mere "glimmer," the "smallest trace."

We therefore hold it was error for the court to refuse to give to the jury at appellant's request the general affirmative charge to find in his favor.

And the judgment is reversed and the cause remanded.

Reversed and remanded.