195 So. 775

## FROST v. STATE.

### 4 Div. 605.

Court of Appeals of Alabama.

April 30, 1940.

McDowell & McDowell, of Eufaula, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The trial in the lower court proceeded on an indictment consisting of two counts. The first charged the illegal possession of a still, etc., to be used for the purpose of distilling prohibited liquors and the second counted upon the actual distilling or manufacturing of prohibited liquors or beverages. Both counts were in code form. The defendant was convicted as charged in Count 2 of the indictment.

This court, sitting en banc, has read the entire record of the testimony and is of the opinion that the evidence in the case was not sufficient to warrant a conviction of guilt for manufacturing or distilling "alcoholic or spirituous liquors or beverages" as charged in Count 2.

While there may have been evidence supporting a surmise, suspicion or conjecture of guilt, this was not sufficient. Ammons v. State, 20 Ala.App. 283, 101 So. 511. It could be said that there was even a *scintilla* of evidence supporting this conclusion, yet there was no substantial evidence produced on trial, that, at the time and place involved, the defendant either manufactured or aided or abetted in the manufacture of such prohibited liquor, for which offense he was convicted. So, under the rule now prevailing, we hold that there was error in the refusal to give for him the general affirmative charge, and the judgment should be reversed. Austin v. State, ante, p. 327, 195 So. 566; Ex parte Grimmett, 228 Ala. 1, 152 So. 263.

It was not enough, in our opinion, that the State's only witness (to event in question) saw defendant, through field glasses, at a considerable distance from the still, "catch some stuff" once or twice in a gallon jug. He did not say what, if anything, this "stuff" was. It is conceded that whatever was being made there—if, indeed, anything was being produced—was "stuff," yet there is no testimony that prohibited liquors were ever made and, however much we may deplore—and we do—illicit distillings, the time-honored rule of law cannot be forsaken, that the State's burden is always, as in this case, to establish the guilt of the accused by legally sufficient evidence.

It may be added that there may have been sufficient evidence, if properly presented, to support a conviction under Count 1 of the indictment. Upon this count, however, the defendant was not convicted and we believe for the error here noted the judgment should be reversed.

Reversed and remanded.