5 So.2d 117

## TAYLOR v. STATE.

### 5 Div. 122.

#### Court of Appeals of Alabama.

#### Dec. 16, 1941.

John O. Harris and Robt. S. Milner, both of Wetumpka, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for the term of twenty years.

Venie Taylor, the wife of appellant, gave birth to a baby; and, as was definitely shown by the testimony, came to her death as the result of "flooding", that is, she bled to death because of a failure of the womb to contract, properly, after the birth.

It was the theory of the State that appellant, shown by the undisputed testimony to be a man who had never "been to school," and who could not "read and write", who was not a "one-horse farmer," but a "steer farmer", severed the "umbilical cord," which connects the newly born baby with the "placenta," or "afterbirth," and thereby tore the placenta, causing the uterus or womb to fail to contract, causing Venie Taylor's death. And that this was done maliciously and intentionally, and with the purpose of bringing about the death of his said wife.

This court has read, studied, and considered the entire evidence in the case, sitting en banc.

We of course realize that "the findings of a trial court are, on appeal, presumptively correct; and the burden is upon the appellant to show error. The verdict of a jury and the judgment of a trial court are solemn things; and they should not be overturned by an appellate court, unless a good, legal reason therefor is shown." Girardino v. Birmingham Southern R. R. Co., 179 Ala. 420, 60 So. 871, 872; Lamar Life Ins. Co. v. Kemp, ante, p. 138, 1 So.2d 760, 761.

But it is just as well realized that "where the preponderance of the evidence is against the verdict and so decided that

the court is convinced that it is wrong and unjust, a new trial should be granted." Lamar Life Ins. Co. v. Kemp, supra.

■ And that "'this court has not renounced its duty nor neglected its power' * * * 'to revise the verdicts of juries and the conclusions of trial judges on questions of fact, where, in our opinion, after making all proper allowances and indulging all reasonable intendments in favor of the court below, we reach a clear conclusion that the finding and judgment are wrong.'" Lamar Life Ins. Co. v. Kemp, supra, and cases cited in the opinion.

In Grimmett v. State, 26 Ala.App. 56, 152 So. 262, we said: "A scintilla of evidence going to support the state's contention necessitates reference of issue raised thereby to the jury for decision, at least in first instance."

But our Supreme Court said we were *wrong;* that to "authorize submission of criminal case to jury, there must be *substantial* evidence tending to prove all elements of charge; mere scintilla of evidence, in view of presumption of innocence, being insufficient." Ex parte Grimmett, 228 Ala. 1, 152 So. 263. This holding by the Supreme Court is, of course, now the law. Code 1940, Title 13, § 95; Inge v. State, 28 Ala.App. 38, 178 So. 453, certiorari denied Id., 235 Ala. 280, 178 So. 454.

We suspect the learned judge presiding over the trial of this case in the court below, whose devotion to the cause of strict justice is well known, labored under the impression the law was as we declared in Grimmett v. State, supra.

It may be, and doubtless is, true, here, that the evidence creates a "suspicion" against appellant. This because of the testimony as to his hostility toward, and mistreatment of, his wife, the deceased.

But we believe it could never be said that there was *more* than a "scintilla" of evidence pointing toward his guilt.

The very bright and capable Assistant Attorney General representing the State on this appeal, always endeavoring to be accurate in his "statement of the facts", undertook in his brief to set forth the evidence which *he* maintained made the question of appellant's guilt one for the jury. We read with interest. He began: "The evidence introduced on behalf of the State to support its contention that Henry Taylor murdered his wife, Venie Taylor, was circumstantial in its entirety. The facts upon which the State rested its case are as follows: On Wednesday, April 17th 1940, Venie Taylor gave birth to a child. At the time of the birth of the child, Venie Taylor was alone *save for the presence of her husband,* Henry Taylor, this appellant. (The Attorney General is in error, here, i.e. as to the part we have italicized. Her husband, according to the undisputed testimony was *not* present at the time Venie Taylor gave birth to the child. But this is not presently important, let him proceed). At the time the child was born, *according to the State's version* (italics ours), this appellant forcibly removed the child from its mother in such a manner as to cause the umbilical cord to pull away a portion of the placenta, tearing it, thereby causing the mother to hemorrhage and death to result."

Apparently the Attorney General could not find in the evidence a "scintilla," even, that appellant "forcibly removed the child from its mother in such a manner as to cause the umbilical cord to pull away a portion of the placenta." So he says *"according to the State's version"* he did so. Well, yes. But that's not evidence. *We* can't find any that he did so, either.

■■ But perhaps we have said enough. There seems small need to repeat, here, the well understood principles of the law that, first, "the possibility that a thing may occur is not alone, under any fair, reasonable, deduction, evidence, even circumstantial, that the thing did, in fact, occur." Or, second, "proof which goes no further than to show an injury could have occurred in an alleged way does not warrant the conclusion that it did so occur."

■ We say of the evidence, here, as we said of it in our opinion in the case of Inge v. State, 28 Ala.App. 38, 178 So. 453, supra: "It is clear to us that 'admitting all it tends to prove, defendant's (appellant's) guilt is left in uncertainty, or depends upon conjecture or probabilities.' In such a case it is the duty of the court to instruct the jury (upon proper request) to acquit the defendant."

And we would keep ever alive the sentiment quoted by us in that same opinion in the Inge case, to-wit: "When the law is respected, when the Constitution is maintained, though crime may sometimes go unpunished, *at least innocence is secure."* (Italics presently supplied.)

For the error in refusing to give to the jury at appellant's request the general affirmative charge to find him not guilty, the judgment is reversed, and the cause remanded.

Reversed and remanded.