6 So.2d 29

## ANDERSON v. STATE.

### 6 Div. 866.

Court of Appeals of Alabama.

Feb. 3, 1942.

Curtis & Maddox, of Jasper, and Young & Young and Cecil Strawbridge, all of Vernon, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The indictment was for murder in the first degree, charging that the defendant killed the deceased, Paul Franks, by "burning him with fire." Trial resulted in a conviction of murder in the second degree and a sentence of twenty years imprisonment was imposed. Hence the appeal.

Several days after the supposed night of his death, the body of deceased was discovered in a frozen condition and bearing evidences of burns sufficient to have produced death. The doctors thought that death resulted from the burns (and so testified), rather than from freezing; so how he met his death was a matter for the decision of the jury.

But, granting that death was caused by burning, there are two paramount inquiries completely unsolved by the evidence, (1) the question of whether the burning was felonious (or accidental) and (2), if feloni-

ous, whether or not the defendant was the perpetrator of the crime.

We realize our stern responsibility. "Human life has become all too cheap; and, while we spread the mantle of mercy over the criminally irresponsible, the lawless should be made to feel that the way of the transgressor is hard. The terror of the law may thus become a minister of peace." Parsons v. State, 81 Ala. 577, 613, 2 So. 854, 877, 60 Am.Rep. 193.

■ We are also mindful of the rule of favorable presumption to be accorded the verdict of the jury in reviewing the sufficiency of the evidence.

On the other hand, it is the sine qua non of constitutional government that the guilty, and guilty alone (after having been so shown to be by that measure of proof exacted by law), shall be punished for crime. This is the bulwark of our liberty under law.

"It is a great wrong for the court to invade the province of the jury. In avoiding that wrong, the greater one of imperilling the liberty and reputation of the citizen may be committed, by the submission to a jury of criminal accusations in the absence of evidence tending to support them." Green v. State, 68 Ala. 539, 542.

■ To sustain a criminal prosecution, more than a scintilla is required. "There must be substantial evidence tending to prove all the elements of the charge." Ex parte Grimmett, 228 Ala. 1, 2, 152 So. 263, 264.

■ The evidence in this case is entirely circumstantial, with the circumstances of death shrouded in doubt. The law declares that a conviction upon circumstantial evidence cannot be sustained, unless, to a moral certainty, it excludes every other reasonable hypothesis than that of the guilt of the accused. Alabama Digest, Criminal Law ☞552(3).

"The humane provisions of the law are, that a prisoner, charged with a felony, should not be convicted on circumstantial evidence, unless it shows by a full measure of proof that the defendant is guilty. Such proof is always insufficient, unless it excludes, to a moral certainty, every other reasonable hypothesis, but that of the guilt of the accused. No matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the defendant is not shown to be guilty, by that full measure of proof which the law requires." Ex parte Acree, 63 Ala. 234.

■ This court, sitting en banc, has carefully read the whole evidence and studiously considered the entire case. There is no doubt in our minds that the evidence is utterly insufficient to sustain the verdict. The corpus delicti remains unproved. This conviction, to stand, must rest (1) upon the unproved supposition that death resulted from a felonious burning and (2) the inference upon such supposition that defendant was the guilty perpetrator thereof. No citation of authority is needed to indicate the abysmal fallacy of such a conclusion.

For reasons manifest, detailed discussion of the evidence is pretermitted. Reasonable effort should be made to get the whole truth of the tragedy and, if a homicide has been committed, the real culprit brought to justice, whether he be this defendant, or another.

We are clearly convinced that the motion for a new trial should have been granted because the proof is not of that conclusive character exacted by law in such cases. Thus considered, we are under the imperious duty of declaring a reversal of the judgment below, meanwhile supported by the poetic apothegm, that "when the law is respected, when the Constitution is maintained, though crime may sometimes go unpunished, at least innocence is secure."

See Inge v. State, 28 Ala.App. 38, 178 So. 453; Henry Taylor v. State, ante, p. 316, 5 So.2d 117; Willingham v. State, 28 Ala. App. 261, 183 So. 887; Hardison v. State, ante, p. 40, 200 So. 635; Cooper v. State, 235 Ala. 523, 180 So. 102; Ex parte Crimmett, 228 Ala. 1, 152 So. 263.

For the reason indicated, a reversal is ordered.

Reversed and remanded.