7 So.2d 780

### WOOD v. STATE.

### 4 Div. 680.

Court of Appeals of Alabama.

April 21, 1942.

Cope & Cope, of Union Springs, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

After a careful study of the evidence in this case, and applying thereto principles of law announced in each of the following cited cases, we are clear to the conclusion that the trial court erred to a reversal in overruling and denying defendant's motion for a new trial, as under said decisions the evidence adduced upon this trial was wholly insufficient upon which to predicate the conviction of the defendant, after allowing all reasonable presumptions of the correctness of the judgment of conviction from which this appeal was taken, the preponderance of evidence against said judgment is so decided as to clearly convince this court that it is wrong and unjust. Bufford v. State, 25 Ala.App. 99, 141 So. 359; Hardis v. State, 28 Ala.App. 524, 189 So. 216; Carroll v. State, 28 Ala.App. 516, 189 So. 219; McGee v. State, 4 Ala.App. 54, 58 So. 1008; Copeland v. State, 23 Ala.App. 91, 121 So. 445; Grimmett v. State, 26 Ala.App. 56, 152 So. 262; Ex parte Grimmett, 228 Ala. 1, 152 So. 263.

The promulgation of an opinion, other than what has been here said, is not necessary.

Reversed and remanded.

SIMPSON, Judge (specially concurring.)

Although there be justification for the conclusion that the evidence was insufficient upon which to predicate a conviction of murder (for which defendant was convicted), I wish to respectfully add the following, lest the opinion hereinabove be construed as a pronouncement that there was no sufficient evidence to justify a conviction of any degree of homicide.

There was testimony (Mabel Glaze) that at the time the deceased was shot, the gun (in the hands of defendant) was pointed in the direction of deceased (Floyd Jones). Her testimony was: "When I seen the gun she had it straight at me. On Floyd and myself. Floyd wasn't doing nothing but sitting down. The gun was on Floyd."

In view of all the evidence, if the jury were impressed with the verity of that testimony, I think a verdict of manslaughter could be considered upon review as well supported.