18 So.2d 750

## LYLES v. STATE.

### 5 Div. 199.

Court of Appeals of Alabama.
June 30, 1944.

Jacob A. Walker, of Opelika, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Geo. C. Hawkins, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of manslaughter in the first degree and his punishment fixed at imprisonment in the penitentiary for the term of five years. He killed Cleo McCurdy.

As his able counsel states in his brief filed here:

"The appellant was indicted for murder in the second degree of Cleo McCurdy.

"The evidence showed that a difficulty occurred between the appellant and the said Cleo McCurdy on January 3rd 1943, in Opelika, Lee County * * *. It was shown that Cleo or 'Bogee' McCurdy, John Andrew Frederick, John Murray, and perhaps another made arrangements with the appellant while they were at the Grill for the appellant to carry the persons named out in the country to some of their people.

"As the car drove off, one of the passengers said 'Let's go to Thornton's house. We got to stop there.' The house referred to was that of Thornton Hunter and it was about a half block from the Grill. The automobile stopped in front of the Hunter house * * * on its right-hand side of the street. From this point the testimony was in dispute in the particulars which will be hereinafter noted.

"The State's case rested upon the testimony of John Andrew Frederick and John Murray. Both Frederick and Murray testified that just as the car stopped in front of Thornton Hunter's, the appellant, Brown Lyles, got out of the automobile, walked up to the side of the car and asked Cleo to pay him, that as Cleo got out of the car, the appellant stabbed him, that John Murray hit the appellant just at that moment as he stood there at the car, and that that was all that happened.

"To be particular with reference to the above summary, Frederick was asked 'What happened then after the car stopped in front of the Hunter house?' and replied 'Brown walked up to the car and asked Cleo to pay him.' And Cleo said 'It isn't right for me to pay you before you make the trip.' Brown allowed, 'Get out of the car.' Cleo opened the door and stepped out and as soon as he stepped out of the car, Brown walked up to him and stabbed him."

Appellant's able counsel then sketches a summary of the appellant's testimony; which presents an entirely different pic-

ture—tending to show that he acted in self-defense, as that term was properly defined.

He urges that we reverse the judgment of conviction because of the claimed error on the part of the trial court in overruling appellant's motion to set aside the verdict of the jury because it was opposed to the great weight of the testimony.

But we do not see it that way.

When we come to review the action of the trial court in overruling a motion to set aside the verdict of a jury it is incumbent upon us to indulge a strong presumption in favor of the action we are reviewing. It is only where the verdict appears palpably wrong and unjust that this court will hold the trial court in error in overruling a motion to set same aside. Davis v. State, 29 Ala.App. 421, 198 So. 153; Taylor v. State, 30 Ala.App. 316, 5 So.2d 117.

Our study of the record in the case at bar fails to reveal that the verdict was either palpably wrong or contrary to the great preponderance of the evidence. Rather, the evidence adduced at the trial was in sharp conflict, and the testimony presented by the State, if found by the jury to be true, was sufficient to sustain a verdict of guilty. Moreover, it does not appear, as appellant contends, that the State's evidence was contrary to the physical facts surrounding the homicide. Whether witnesses for the State or witnesses for the defendant correctly described the circumstances surrounding the homicide presented a question for the jury. We do not find that there is sufficient cause to reverse the findings of the jury or the ruling of the trial court on appellant's motion for a new trial.

The judgment is affirmed.

Affirmed.