19 So.2d 50

### FLANDELL v. STATE.

6 Div. 39.

Court of Appeals of Alabama.
June 30, 1944.

Beddow, Ray & Jones, of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Counsel for appellant, in oral argument, and by copious briefs, while insisting that numerous reversible errors were committed by the trial court in rulings on the admission and rejection of evidence, make the principal insistence that upon the trial of this case no substantial evidence was adduced to sustain the accusation that the defendant "conducted the practice commonly known as book-making or pool selling or either of them," and in this connection say in briefs:

"We respectfully submit that there was no evidence that the defendant kept a place to which persons shall resort for engaging in such practices, or either of them. There was not a single scintilla of evidence in this record that any person had resorted to that place for the purpose of making bets.

"There were three persons present at the only time any witness testified as to any matter or thing concerning the place where the defendant was arrested. The officers testified that these three men were each in the room where the arrest was made. Some of the exhibits were found in that room and some of the exhibits were found in other rooms. Any one of the three per--

sons present could have been responsible for the presence of these exhibits. There was no evidence that any exhibit was in the handwriting or was owned or possessed by this defendant. The householder, Clyde Smith, could have been the person responsible for the presence of these articles."

 As to the foregoing, the law is, where the matter complained of is left in uncertainty or depends upon conjecture or probabilities, the presumption of innocence, which attends the accused, comes to the aid of the defendant and the jury should be instructed upon request to acquit the defendant. Copeland v. State, 23 Ala.App. 91, 121 So. 445; Inge v. State, 28 Ala.App. 38, 178 So. 453; Id., 235 Ala. 280, 178 So. 454; Taylor v. State, 30 Ala.App. 316, 5 So.2d 117; Hallmark v. State, 28 Ala.App. 416, 185 So. 908.

As being applicable to the case at bar, this court said in the Inge case, supra:

"When the law is respected, when the Constitution is maintained, though crime may sometimes go unpunished, at least innocence is secure."

And our case of Taylor v. State, supra [30 Ala.App. 316, 5 So.2d 118], this court said:

"It may be, and doubtless is, true, here, that the evidence creates a 'suspicion' against appellant. * * * But we believe it could never be said that there was more than a 'scintilla' of evidence pointing toward his guilt. * * *

"We say of the evidence, here, as we said of it in our opinion in the case of Inge v. State, 28 Ala.App. 38, 178 So. 453, supra: 'It is clear to us "that admitting all it tends to prove, defendant's (appellant's) guilt is left in uncertainty, or depends upon conjecture or probabilities." In such a case it is the duty of the court to instruct the jury (upon proper request) to acquit the defendant.' "

After a full, thorough and attentive consideration of this case, and of each and every ruling of the court complained of and exceptions reserved, it appears to this court it would be difficult to conceive of a case more replete with redundant error than this case at bar. Without elaboration we hold that the State failed to offer sufficient legal evidence to meet the burden of proof necessary to a conviction. It is clearly apparent that the conviction of this appellant, defendant below, was based upon mere suspicion, conjecture, surmise or guess work.

Conviction cannot be predicated upon suspicion. Moon v. State, 19 Ala.App. 176, 95 So. 830; Gay v. State, 19 Ala.App. 238, 96 So. 646; Ammons v. State, 20 Ala.App. 283, 101 So. 511; Coggin v. State, 23 Ala. App. 135, 122 So. 186; Fennoy v. City of Hartselle, 23 Ala.App. 294, 124 So. 399.

Mere suspicion, surmise, or conjecture will not sustain conviction. McKinnon v. State, 24 Ala.App. 537, 137 So. 677; Riley v. State, 24 Ala.App. 594, 139 So. 576; Hand v. State, 26 Ala.App. 317, 159 So. 275.

Reversed and remanded.