22 So.2d 621

## LINDSEY v. STATE.

### 8 Div. 468.

Court of Appeals of Alabama.

June 19, 1945.

J. Foy Guin, of Russellville, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was indicted for the offense of manslaughter in the first degree; tried before a jury and convicted of manslaughter in the first degree, and sentenced to serve imprisonment in the penitentiary for the term of five years. Motion for a new trial was overruled, and this appeal followed.

The evidence against the appellant was entirely circumstantial.

As appellant's able counsel states in his brief filed here: "The theory elucidated by the State in the trial court was that deceased—one G. W. Strickland—had met his death by collision with an automobile driven by defendant (appellant)."

The accident, in which Mr. Strickland was struck by an automobile, or collided with an automobile,—dying the next day— occurred between 9:00 P. M. and 9:30 P. M. on the night of May 2nd 1944, at the intersection of Main and Depot Streets, in the heart, so to speak, of the little town of Red Bay, Alabama.

Counsel for the State, and counsel for appellant, have composed practically a digest of the entire testimony in their respective briefs here on file. Obviously, we could

not be expected to extend our opinion to the length necessary to include either of said "Compositions." Nor do we think it necessary.

It will be enough for us to say that deceased, a man 77 years of age, and said by some of the witnesses to be hard of hearing, and of defective vision, was either struck by an automobile, or "walked into the side of" an automobile, at the time and place mentioned above, while near the exact center of the intersection—which center was marked by a "circular concrete block or marker" some ten to fourteen inches in diameter, and extending up from the surface of the street some four to six inches.

And that the evidence, all circumstantial, pointed to the appellant as the driver of the car with which Mr. Strickland, the deceased, came in contact.

Of course our Statute provides that "manslaughter, by voluntarily depriving a human being of life, is manslaughter in the first degree." Code 1940, Title 14, Section 320.

But our Supreme Court has said that "when there is an act of violence from which ordinarily in the usual course of events death or great bodily harm may be a consequence, the killing which results is voluntary." Or, as more specifically appropriate, here: "The statute which provides that a voluntary killing is a necessary element of manslaughter in the first degree is satisfied in that respect if defendant does 'an act greatly dangerous to the lives of others, whereby death ensues.'" Rainey v. State, 245 Ala. 458, 17 So.2d 687, 689.

Without detailing the testimony, it suffices, here, to say that it was in violent conflict on the point we have in mind. If that offered on behalf of the State should be believed beyond a reasonable doubt, there is no question but that appellant's conviction was well-founded.

But as stated, it was vigorously disputed and denied. And appellant was entitled to have his testimony (of himself and witnesses) weighed fairly by the jury, unburdened by incompetent and irrelevant considerations or asseverations.

We repeat: It was without dispute that deceased, Strickland, came in contact with the car which caused his death, at appproximately, between 9 p. m. and 9:30 p. m. At about 2 a. m., some four and one-half or five hours later, appellant was arrested at his home by the Sheriff of the County.

Over appellant's strenuous objection—with due exception reserved—the Sheriff was allowed to testify that when appellant was arrested he appeared to "have been drinking, or under the influence of liquor"; that he "smelled whiskey on his breath"; and that as appellant was being taken to Russellville he "went to sleep"—as indicating that he was drunk.

We regard it as immaterial, and irrelevant to any issue involved on the trial, as to whether or not appellant, four and one-half or five hours after the time of the accident "appeared to have been drinking, or (was) under the influence of liquor." Phillips v. State, 25 Ala.App. 286, 145 So. 169; Rainey v. State, 31 Ala.App. 66, 12 So.2d 106.

There was no scintilla of evidence that appellant had drunk any intoxicating liquor prior to the time at which deceased, Strickland, came into contact with the car which caused his death—or that, hence, appellant, if the driver of said car, was intoxicated at the time. Per contra, there was testimony—undisputed—that appellant, before going to bed before his arrest did imbibe to an extent—speculative—of intoxicating liquor.

It thus appears that the testimony being discussed served no purpose—and could serve no purpose—other than to prejudice the appellant in the eyes of the jury, and to furnish a basis—illegal as we think—which the record shows was used (with due exception reserved)—for the Solicitor to say: "That he had a right to argue and the jury had a right to believe that the defendant (appellant) was intoxicated when he drove through the town of Red Bay at the time of the accident."

The Assistant Attorney General here representing the State seeks to dispose of what we think was the great prejudice worked to appellant by the testimony of the Sheriff, above, in this wise—quoting from his brief: "Much stress is laid by the appellant upon the court's admission of the evidence of the Sheriff to the effect that when the defendant (appellant) was arrested he appeared to have been drinking or under the influence of liquor. It was the State's contention that at the time appellant struck the deceased with the automobile he was under the influence of liquor, or intoxicated. It would appear that whether or not the defendant (appellant) was under the influence of liquor, intoxicated, or appeared to be drinking, at the time he was arrested, which was, under the evidence, anywhere from three to five hours, (later) was admissible, for what it was worth, for the purpose of throwing any light on the question of whether or not the defendant (appellant) was drinking at the time of the commission of the crime."

As will appear from what we have already written, we simply do not agree with the argument of the capable Assistant Attorney General. To our minds, the fact that appellant was "under the influence of liquor" some four and a half or five hours (not three to five, though this is not so important) after the accident, and after he had, subsequent to the accident, undisputedly drunk a quantity of whiskey—and the testimony being without dispute that he had drunk no whiskey prior to the time of the accident—was no evidence whatever that he was "under the influence of liquor" at the time of the accident. It was simply a highly prejudicial bit of testimony injected into the trial—where it had no place.

We have been thus tedious because we feel that for this error alone,—i. e. the admission of the specified testimony of the Sheriff—the judgment of conviction should be reversed.

It seems to us, and we hold, that appellant's written, requested charge 13 stated the law correctly; was appropriate; and was not covered in substance by any other charge, oral or written, given to the jury. Its refusal was error. Jordan v. State, 229 Ala. 415, 157 So. 485.

Appellant's written requested and refused charge 17, while it purports to state the law correctly (Cooper v. State, 235 Ala. 523, 180 So. 102), has the word "first" where doubtless its draftsman intended "full." This alone would render its refusal proper, if, indeed—which we do not now decide—it should otherwise have been given to the jury under the authority of Cooper v. State, supra.

There are other exceptions apparent; but we believe they will not occur on another trial. We will not now treat them.

For the errors noted—especially that by which the Sheriff of the County was allowed to testify that appellant was "under the influence of liquor" when he was arrested, some four and one-half or five hours after the accident causing the death of deceased,—the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.