37 So.2d 530

## MARTIN v. STATE.
### 4 Div. 38.

Court of Appeals of Alabama.
Nov. 16, 1948.

———◆———

A. L. Patterson and J. W. Brassell, both of Phenix City, for appellant.

A. A. Carmichael, Atty. Gen., and Hugh F. Culverhouse, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

The appellant in this case was indicted for murder in the first degree. His jury trial resulted in a verdict of guilty of murder in the second degree and a sentence to confinement in the state penitentiary for a term of fifteen years.

The tendency of the evidence presented by the state, if believed under the required rule, amply justified the verdict of the jury. This evidence was directed toward showing that the appellant had, a short while before his rencounter with deceased, made threats of his intention to injure the deceased, these threats apparently springing from a family disturbance that took place the previous day; that upon meeting deceased on a street in the City of Phenix City on the morning of 23 June 1948 the appellant obtained a pick handle from a truck parked nearby and struck the deceased one or more blows over the head as the deceased was attempting to walk away from the scene; the deceased was knocked down, and dazed by the blow or blows, and there was bleeding from his head wound.

The deceased was carried to the Phenix City jail by police officers who arrived within a few minutes after he had been struck. At the jail the deceased was, according to one officer, in a dazed condition, and according to another officer, in an unconscious condition. At the jail the deceased was nauseated and vomited blood. He was later removed to a hospital. X-ray pictures of his skull revealed a fracture in the left parietal bone of the skull. The deceased was apparently unconscious during most, if not all, of his stay at the hospital and died in the early afternoon of the day following his admittance.

The defense introduced evidence tending to dispute practically every phase of the evidence introduced by the state. An irreconcilable conflict exists between the evidence presented by the State and that presented by the defense. The jury by its verdict apparently accepted the version presented by the State. This conclusion was clearly in the jury's province. In view of this we can see no useful purpose in detailing the defense evidence and therefore omit such detailing in the interest of brevity.

In their brief appellant's counsel have urged two propositions as constituting reversible error. We have of course, consonant with our duty, examined this entire record for any and all error or errors. We are clear to the conclusion that no error, unless contained in the points argued in appellant's brief infect this record.

The first point argued in appellant's brief is that the lower court erred in admitting, over appellant's objection, a hat allegedly worn by deceased at the time of the difficulty with the appellant.

The deceased's wife testified that the hat was the one that deceased had when he was "brought in" shortly after the difficulty, and that it was deceased's hat. When deceased was "brought in" he was bleeding from a wound on his head, and the inside of the hat was bloody. And the witness for the state identified the hat as being the one lying near deceased immediately after he was struck by the appellant. The appellant himself identified the hat as being similar to a hat worn by deceased at the time of their rencounter.

During the trial below the defense introduced certain evidence directed toward showing that deceased's head injury re-

sulted from a fall from the porch of his home on the day previous to the difficulty with this appellant, or that it resulted from deceased hitting his head on the sidewalk as he fell immediately following the difficulty between deceased and appellant. The defense's version of the difficulty being that at the meeting between the deceased and appellant on the morning of 23 June the deceased was the one who obtained the pick handle from the truck; that the appellant forcibly took the pick handle away from deceased and that immediately thereafter the deceased fell, hitting the back of his head on the sidewalk.

The hat, whose admission in evidence in this case is questioned, therefore had a reasonable tendency to prove, or disprove a material fact in issue, i. e., the nature, cause, and location of deceased's injuries, and it shed some light upon a question material to this case. It was therefore properly admitted in evidence, particularly in view of the above mentioned evidence presented by the defense tending to establish that the deceased may have died from injuries other than those inflicted by this appellant. Weems v. State, 222 Ala. 346, 132 So. 711; Wilson v. State, 31 Ala.App. 21, 11 So.2d 563, certiorari denied 243 Ala. 671, 11 So.2d 568; Walden v. State, ante, p. 29, 36 So.2d 556.

The second point raised in the brief filed in behalf of the appellant is that the evidence presented by the State was insufficient to establish that the appellant caused deceased's death. In support of this point appellant's counsel rely on Hardison v. State, 30 Ala.App. 40, 200 So. 635, certiorari denied 240 Ala. 647, 200 So. 636. The facts on which the Hardison decision was rendered differ materially from the facts in this case, in that in the Hardison case there was absolutely no evidence that the appellant had ever administered any blow to the deceased. In the present case, while the defense introduced evidence tending to show that the deceased had fallen from his porch the day before, and had fallen on a sidewalk the day of his difficulty with the appellant, and could have been in-

jured about the head in that manner, on the other hand the state introduced substantial evidence to the effect that the deceased was uninjured to any substantial degree by the fall from his porch; that he received one or more blows on the head from a pick handle wielded by the appellant, which blows knocked him down and left him in a dazed or unconscious state, in which state he remained until he died early in the afternoon on the following day. There was therefore ample evidence justifying the conclusion of the jury that the blows inflicted by the appellant caused the deceased's injuries, and fractured his skull, rather than any fall the previous day or on the day of the difficulty. This question of fact was solely in the province of the jury to determine. That such determination was solely within their province was fully explained to the jury by the court in its oral charge, and further elaborated on in some five of the written charges given the jury at appellant's request. The second proposition asserted by appellant as constituting error is therefore, in our opinion, without merit.

It is our opinion that this record is free of error materially affecting the substantial rights of this appellant and that this cause is due to be affirmed. It is so ordered.

Affirmed.