50 So.2d 457

**BEDSOLE v. STATE.**

**4 Div. 165.**

Court of Appeals of Alabama.

Feb. 7, 1951.

J. Hubert Farmer, of Dothan, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment in this case contained two counts; one for burglary in the second degree and the other for larceny. On the trial of the case the defendant, John Lloyd Bedsole, was convicted of burglary and was sentenced to two years imprisonment.

The defendant was without counsel and conducted his defense in the court below.

The principal question raised on this appeal is that the proof was not sufficient to show that he was guilty of burglary, or that he was in recent, unexplained possession of any part of the property alleged to have been stolen. Since we think such contention is well taken, we do not discuss any other question in this opinion.

The evidence presented by the State tended to show:

That a drug store owned by Mr. Johnnie Daniels in Midland City, Alabama, was broken into on or about March 25, 1950, and certain articles of value were taken therefrom, including, among other things, pen and pencil sets, a man's watch and some costume jewelry.

The evidence further tended to show that on the day after the drug store was burglarized the appellant was in a cafe operated by Francis Knighton, in Phenix City. He (appellant) was handed a $10 bill by one Mills to give to W. O. Franks. This money was shown to have been given to Mills by Knighton in payment of one of the stolen pen and pencil sets, which the said Mills had obtained from Franks earlier.

It was further shown that appellant was in company with Franks in Phenix City.

There was evidence by the State that Franks was seen in an automobile near the drug store shortly before the burglary. One witness testified he saw two men in the car. There was no testimony to prove that the defendant, appellant here, was the man with Franks. In fact, this witness testified on cross examination that he had known defendant practically all of his life; that witness was within ten feet of the automobile and would have recognized defendant had he been one of the men in the car. Witness stated positively that neither of the men was this defendant. On redirect examination in response to a question by the Solicitor: "You just saw two men out there in the car and didn't see either one of them well enough to identify them?" The witness answered: "That's right."

On Tuesday following the burglary the officers went to the home of Franks and found appellant in bed in the back room. A watch that was stolen from the drug store was found in the house. Mrs. Franks stated to the officers that the watch belonged to her husband and that Franks had been wearing it. None of the property was found in the room occupied by appellant.

█ After a careful study of the entire record, as the law requires, we are unable to find sufficient evidence to prove that appellant was connected with the breaking and entering, or that, he ever had in his possession any part of the stolen property.

█ "It is now too well settled to be further argued that 'to authorize [the] submission of [a] criminal case to [a] jury, there must be substantial evidence tending to prove all elements of [the] charge.' " Hardison v. State, 30 Ala.App. 40, 200 So. 635, 636; Ex parte Grimmett, 228 Ala. 1, 152 So. 263; Inge v. State, 28 Ala.App. 38, 178 So. 453; certiorari denied 235 Ala. 280, 178 So. 454; Austin. v. State, 29 Ala.App. 327, 195 So. 566.

█ The evidence at best shows only that appellant had been associating with Franks. It creates mere surmise or suspicion which does not warrant a conviction. Hudson v. State, 249 Ala. 372, 31 So.2d 774; Turner v. State, 33 Ala.App. 607, 35 So.2d 624.

In the case of Lang v. State, 252 Ala. 640, 42 So.2d 512, 514 the Supreme Court held: "Opportunity to commit crime, or even knowledge of its commission, without more, is not sufficient evidence upon which to base a verdict of guilt."

 

The defendant was entitled to the affirmative charge, requested by him in writing, and for the error of the court in refusing to give this charge, the judgment of conviction is reversed and the cause remanded.

Reversed and remanded.