66·So.2d 196

**STEPHENS v. TOWN OF BLOUNTSVILLE.**

6 Div. 517.

Court of Appeals of Alabama.

June 9, 1953.

Nash, Nash & Starnes, Oneonta, for appellant.

Johnson & Randall, Oneonta, for appellee.

PRICE, Judge.

Appellant was convicted in the Recorder's Court for driving a motor vehicle while intoxicated, in violation of an ordinance of the Town of Blountsville. Upon appeal to the circuit court defendant was convicted by a jury and a fine of twenty-five dollars was assessed.

The facts in this case simply do not, in our opinion, measure up to the requirement laid down by the law for a conviction, that is, that the defendant at the time and place was driving while intoxicated. Underwood v. State, 24 Ala. App. 191, 132 So. 606; Rainey v. State, 31 Ala.App. 66, 12 So.2d 106.

We quote from the record the evidence presented by the State on the question of defendant's intoxication.

To the question: "In your opinion was this man under the influence of whiskey at that time?", no reply was made by the arresting officer.

The witness Copeland was asked the same question and his answer was: "Well, I smelled intoxicating beverages on him, his breath."

When the question was repeated to this witness the following occurred:

"A. Well, as far as saying he was drunk.

"Q. I didn't ask you whether he was drunk. A. Well, if you call it alcohol on your breath, I would say he was under the influence."

After testifying that he had seen defendant driving his car very fast and that he had backed out of witness' garage, with his automobile making a lot of noise, he stated that ten minutes later he saw de-

fendant and the arresting officer fighting, and was asked: "Q. Did the defendant, N. G. Stephens, appear to be under the influence of intoxicating beverages there at the time you were talking to him when you stepped in among the fight?" His answer was: "A. It would be hard to answer that because of the condition he was in after he had the fight. It would be hard to tell whether any man was drunk or not." His further testimony as to defendant's condition was:

"Q. And you say you smelled alcoholic beverages on him that night? A. That's right."

\* \* \* \* \* \*

"Q. Did he smell strong or weak of alcoholic beverages? A. Yes, sir."

"Q. Which one? Strong or weak? A. Strong."

"Q. In your judgment it was whiskey you smelled on his breath? A. That's right."

On cross examination the witness testified that at the trial in Recorder's Court he had testified as a witness for defendant. On redirect examination he was asked if he had testified in that trial that defendant was under the influence of intoxicating beverages and he answered "yes." On re-cross examination he stated that what he had testified in the Recorder's Court was that the defendant was drinking, but he was not asked whether defendant was under the influence of intoxicating beverages.

After predicate laid, A. J. Stewart testified that he heard the defendant, two weeks after the arrest, make the statement that "if he hadn't been drinking he could have put up a better fight."

Defendant testified he had consumed no alcoholic beverages on the day he was arrested, and presented two witnesses whose testimony was to the effect that defendant was not under the influence of intoxicants.

■ To authorize the submission of a criminal case to a jury, there must be sub-stantial evidence tending to prove all elements of the charge. Ex parte Grimmett, 228 Ala. 1, 152 So. 263; Inge v. State, 28 Ala.App. 38, 178 So. 453, certiorari denied 235 Ala. 280, 178 So. 454; Austin v. State, 29 Ala.App. 327, 195 So. 566; Blue v. State, 246 Ala. 73, 19 So.2d 11.

Because of the wholly inconclusive character of the evidence in this case the defendant was entitled to the general affirmative charge requested by him in writing.

Reversed and remanded.