96 So.2d 313

## Verdell HENDRIX

v.

## STATE.

7 Div. 428.

Court of Appeals of Alabama.

June 18, 1957.

W. M. Beck, Fort Payne, for appellant.

**156**

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for State.

CATES, Judge.

Hendrix was, on March 21, 1956, found guilty by a jury in the DeKalb County Court of possessing prohibited liquor and fined $75 and costs. He appeals to us saying, first, the State did not make a case; and, second, that "homebrew" cannot be judicially known as a prohibited beverage.

■ As to this latter proposition, it may be that the repeal of the Eighteenth Amendment has diminished subsequent generations' acquaintance with the yeasty tasting, sediment laden "wash" called homebrew. However, we think the court properly left to the jury the question of whether homebrew was or was not a `prohibited liquid within the scope of Code 1940, Title 29, § 93. A policeman was asked if the possessed liquid was intoxicating, to which he answered, "Yes, sir." There was a narration of the defendant's conduct which tended to bolster this opinion.

■ More than a scintilla of evidence is required to make a prima facie case of a crime, Anderson v. State, 30 Ala.App. 364, 6 So.2d 29; Blue v. State, 246 Ala. 73, 19

So.2d 11; Ex parte Grimmett, 228 Ala. 1, 152 So. 263.

Applying the foregoing abstraction to the instant case can be done concisely by referring to the briefs. That of Hendrix states the facts of the case as follows:

"The State's evidence was that a jug was found by a truck in which the defendant and a man by the name of Roy Cooper were sitting. The defendant had been drinking whiskey. He was charged with possessing homebrew. The State's witness, Gilley, said he saw defendant in the dark place a jug under the truck in which he was sitting and that the contents of the jug were homebrew, and that it was intoxicating. The other state witnesses said the jug contained homebrew. This is the extent of the State's evidence on contents of the jug."

The Attorney General's brief reads:

"The testimony of J. G. Gilley, a policeman at Crossville, Alabama, was to the effect that he saw the appellant on or about October 1, 1955, come out of a mill house down below the cafe at Kilpatrick, with a gallon jug in his hand. The appellant walked up to Sam Bruce's truck and placed the jug down by the front wheel, and then staggered off toward the cafe. Before the appellant got to the cafe, Deputy Sheriff Rube Faulkner picked him up. Mr. Gilley stated that he went straight to the jug that appellant had placed by the truck wheel and got it. He stated that the jug contained homebrew.

"Deputy Sheriff Faulkner, who arrested the appellant, said he saw the jug Gilley retrieved and it contained homebrew."

Since we distinguish this case factually from Wright v. State, 37 Ala.App. 689, 74 So.2d 727, it follows that, after the State adduced evidence that homebrew is intoxicating, there was presented a question sole-

ly and properly within the province of the jury.

No error appears in the record; accordingly the judgment below is due to be

Affirmed.